558 A.2d 619

**Roy E. WESTFALL, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 1989.

Decided May 17, 1989.

William O. Schmalzried, Pittsburgh, for appellant.

Michael J. Creighton, Pittsburgh, Harold H. Cramer, Asst. Chief Counsel, and Christopher J. Clements, Asst. Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Before this Court is an appeal by Roy E. Westfall (Licensee) from an order of the Court of Common Pleas of Allegheny County sustaining the Department of Transpor-

tation's (DOT) suspension of Licensee's motor vehicle operating privileges.

The facts of this case are undisputed. Licensee was arrested on February 16, 1987, and charged with violating Section 3345(a) of the Vehicle Code, 75 Pa.C.S. § 3345(a) (failure to stop when approaching a school bus with flashing red lights). On February 22, 1987, Licensee, proceeding *pro se*, pled guilty to the violation by paying a fine to the traffic court of the City of Pittsburgh. On that same date, DOT notified Licensee that five points were being assigned to his driving record and that his operating privileges were going to be suspended for a period of sixty days.

However, on September 3, 1987, a petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. § 9541–9551,[1] regarding Licensee's guilty plea was heard by a different trial court judge. That judge ordered that Licensee's conviction be *vacated,* his guilty plea be withdrawn, and the case be remanded back to the traffic court for summary trial.

Prior to that order, however, Licensee had filed an appeal from DOT's suspension of his operating privilege and a hearing was held on October 7, 1987. At that hearing, DOT's counsel agreed to a continuance until the summary criminal appeal was heard before the traffic court. The case was relisted and a second hearing on the suspension was held on December 16, 1987. Again, however, Licensee's summary criminal appeal had not been heard. The trial court then *instructed* Licensee to have the case heard before the traffic court, or the suspension would stand. A third suspension hearing was held, and Licensee's criminal appeal still had not been heard by the traffic court. The trial court then granted Licensee one week to return with an order from the traffic court. Licensee, however, did not do so, and on March 30, 1988, the trial court dismissed Licensee's appeal and sustained DOT's suspension of his

1. The PCHA has been suspended insofar as it is inconsistent with the Rules of Criminal Procedure. *See* Pa.R.Crim.P. 1507. The validity of the rule as it applies to this case, however, has not been challenged.

operating privileges. The trial court also granted Licensee's petition for supersedeas. This appeal followed.

The issue before this Court is whether DOT's suspension action is contingent upon the outcome of Licensee's underlying criminal conviction. We believe that it is.

 In an appeal to a trial court from a suspension of a driver's license, DOT has the burden to produce a *record of conviction* which supports the suspension. *Department of Transportation, Bureau of Traffic Safety v. Stiver,* 100 Pa.Commonwealth Ct. 573, 515 A.2d 99 (1986).[2] Here, however, DOT was unable to do so. As the record clearly indicates, pursuant to the PCHA, Licensee's original criminal conviction was vacated and his guilty plea withdrawn, leaving DOT with no evidence of an existing condition to support Licensee's suspension.[3] This Court,[4] therefore, believes that the trial court committed an error in sustaining DOT's suspension when the question of whether Licensee is guilty of the underlying offense has not yet been determined.[5]

2. In its brief, DOT contends that its suspension action is not contingent upon the outcome of an *appeal* of a licensee's ongoing criminal conviction. This Court agrees with this statement as a correct assessment of the law. In the case before us, however, Licensee is not in the process of appealing his conviction. Licensee's original conviction has been vacated and DOT and Licensee are awaiting the outcome of the new summary conviction hearing.

3. DOT contends that Licensee did not raise the issue of the PCHA before the trial court and that it has been waived. We do not agree. We have carefully reviewed the record and have found that Licensee did raise and discuss the ramifications of the PCHA.

4. This Court wishes to note that a copy of the trial court's order vacating Licensee's original conviction and remanding it to the trial court for a new summary conviction hearing does not appear in the original record. It is well settled that this Court cannot consider evidence that is not in the original record. Pa.R.A.P. 1951; *Commonwealth v. Young,* 456 Pa. 102, 114–116, 317 A.2d 258, 264–265 (1974).

 Here, however, since neither party contests the existence of the order and since a copy of it appears in the reproduced record, we shall, for the purposes of judicial economy only, consider it. We wish to note, however, that the onus is upon Licensee to make the order part of the record and that such an omission is egregious.

5. DOT contends that the PCHA does not apply to summary traffic violations. Upon examination of this issue, this Court believes that

■ DOT also contends that the review of an "interim order" (we do not agree that the PCHA order was an interim one) of a criminal court in the nature of postconviction relief is beyond the subject matter jurisdiction of the trial court reviewing a license suspension case. DOT cites two recent cases from this Court to support this proposition, namely, *Department of Transportation, Bureau of Driver Licensing v. Reilly,* 118 Pa.Commonwealth Ct. 608, 545 A.2d 1000 (1988) (juvenile court which heard underlying criminal conviction rendered a determination in an expungement case which was held not binding on DOT), and *Department of Transportation, Bureau of Driver Licensing v. Lefever,* 111 Pa.Commonwealth Ct. 105, 533 A.2d 501 (1987) (DOT was not bound by an alleged agreement between the licensee and the district attorney during sentencing on the criminal charges). In both cases, this Court has viewed the attempt by the criminal court to adjudicate the *civil* suspension matter as beyond the criminal court's jurisdiction and, hence, not binding on the suspension court.

In the case before us, however, the PCHA order reviewed by the trial court relates directly to the validity of the criminal order, not to any attempt to alter or adjudicate a civil penalty. In other words, the PCHA order goes to the heart of the criminal conviction.

DOT also contends that anything that transpires after the date of DOT's official notice of suspension is irrelevant and beyond the trial court's scope of review. It cites two cases to support this contention: *Department of Transportation, Bureau of Driver Licensing v. Hoover,* 116 Pa.Commonwealth Ct. 538, 543 A.2d 191 (1988), and *McKay v. Commonwealth,* 52 Pa.Commonwealth Ct. 24, 415 A.2d 910 (1980). In both cases, this Court held that DOT's burden

DOT cannot properly raise this issue in this civil proceeding, as it goes to the underlying criminal matter. As we have held numerous times, license suspension appeals are civil in nature and separate from any underlying criminal proceedings. *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984). Even if, however, we were to reach this issue, the case law appears to be against DOT's position. *See Commonwealth v. Jenkins,* 362 Pa.Superior Ct. 138, 523 A.2d 813 (1987).

was to prove that a license was properly suspended or recalled on the date that DOT actually suspended/recalled the license, and that everything that happened in between the date of suspension/revocation and the appeal hearing date would be irrelevant.

Here, we must acknowledge the fact that the PCHA order was entered subsequent to DOT's suspension of Licensee's operating privileges. However, as previously stated, the PCHA order voided Licensee's criminal conviction *ab initio*. In *Hoover*, the validity of the Licensee's original criminal conviction was not challenged, and in *McKay*[6], there was no criminal hearing at all. Therefore, we find these cases to be distinguishable.

■ Finally, DOT contends that the trial court's order vacating Licensee's original conviction is invalid since Licensee did not file proof of service upon the District Attorney's office of Allegheny County. We, however, believe that DOT lacks standing to raise this issue as it is not a party to the criminal suit. *See generally Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979). Even if DOT had standing to raise this issue, it failed to raise it below and thus waived it. *See* Pa.R.A.P. 302(a).

■ The trial court in rendering its decision stated that Licensee had the burden to move his criminal case forward, and since he did not, it sustained the suspension. Although this Court does not wish to condone Licensee's lack of effort in having his case moved forward, especially since he was directed to do so by the trial court,[7] we cannot say, as a matter of law, that the burden rested solely upon him to

**6.** The facts in *McKay* were such that a criminal hearing was not required. The licensee was a self-confessed drug addict whose license was recalled for incompetency pursuant to Section 1518 of the Vehicle Code, 75 Pa.C.S. § 1518.

**7.** During the October 1987 suspension hearing, the trial court directed Licensee to have his case listed for trial.

THE COURT: Well, you have to go down there and set it up. It's the same thing here on these cases, if we continue it, unless it's called back to our attention, that doesn't dismiss it. You just can't let it lay there and say 'Hey, I'm safe.' That's not going to happen. It's not fair.

bring himself to trial. *See Commonwealth v. Hamm,* 325 Pa.Superior Ct. 401, 473 A.2d 128 (1984). That obligation is primarily on the Commonwealth. *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976).

Therefore, we shall reverse the order of the trial court sustaining DOT's suspension and remand this case back to that court to await the outcome of Licensee's criminal hearing.[8]

## ORDER

NOW, May 17, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed, and the case is remanded back to that Court with instructions that it conduct a new hearing subsequent to the hearing in the summary conviction case. The Chief Clerk is directed to mail a copy of this order to the District Attorney of Allegheny County.

Jurisdiction relinquished.

---

8. *See* Section 706 of the Judicial Code, 42 Pa.C.S. § 706.