580 A.2d 901

**David E. MARK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 1990.

Decided Sept. 11, 1990.

Reargument and Reconsideration Denied Oct. 29, 1990.

David E. Mark, pro se.

Timothy P. Wile, Asst. Counsel–in–Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

David E. Mark (Mark) appeals from an order of the Court of Common Pleas of Allegheny County that affirmed the

action of the Pennsylvania Department of Transportation suspending Mark's operating privileges for thirty days due to his accumulation of eight points under the provisions of Section 1538(c) of The Vehicle Code, 75 Pa. C.S. § 1538(c).

Mark does not disagree that he accumulated eight points under the Vehicle Code early in 1989 or that the provisions of 75 Pa. C.S. § 1538(c) are applicable to his case. He contends, however, that Section 1538(c) is constitutionally infirm because it is an unlawful delegation of power prohibited by Article 3, Section 31 of the Pennsylvania Constitution.[1] Mark also argues that due process is not adequately built into the procedures for administering Section 1538(c).

The Department of Transportation argues that, under the terms of Pennsylvania Rule of Civil Procedure 235(a), which requires notice to the Attorney General if an "Act of Assembly is alleged to be unconstitutional and the Commonwealth is not a party," Mark is obligated to notify the Attorney General of his constitutional challenge. Because he has not done so, the claim is that the case must be dismissed. We reject this argument. The appellee cites *Garcia v. Commonwealth,* 131 Pa.Commonwealth Ct. 327, 570 A.2d 137 (1990); *Bainbridge v. Department of Transportation,* 125 Pa. Commonwealth Ct. 406, 557 A.2d 456 (1989); and *Hall v. Acme Markets, Inc.,* 110 Pa. Commonwealth Ct. 199, 532 A.2d 894 (1987), in support of its contention. We note that all these cases involve a defense by the Commonwealth of sovereign immunity in which cases the correct Commonwealth agency must be a party. We note that the Commonwealth is a named party in the present case and that no further notice to the Attorney General is needed.[2]

1. This section reads:
 "The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever."

2. *See* G. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice (1986), which comments at Section 521:2:

■ We are of the opinion that we must address the constitutional challenges propounded by Mark. Unfortunately, we are not assisted by the trial court, which was of the opinion that this is a matter that should be addressed by an appellate court. Mark argues that Section 1928(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1928(b), provides that penal provisions are among the classes of statutes that shall be strictly construed. He argues that the license suspension is part of punishment for criminal conviction and that any constitutional question in connection with the conviction should be interpreted strictly to favor him, a person threatened with a heavy financial burden as a consequence of his thirty-day license suspension. We repeat, in response, the statements in our cases that a suspension appeal is totally civil in nature and that the only issues are whether the licensee was, in fact, convicted and whether the bureau has acted in accordance with applicable law. *Department of Transportation, Bureau of Traffic Safety v. Valentine*, 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982); *Department of Transportation, Bureau of Traffic Safety v. Calloway*, 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981).

Because the licensee has conceded that he was, in fact, convicted, the sole remaining question is whether the department has acted in accordance with applicable law. We believe that it has.

■ First of all, we reject the contention of Mark that there has been, in this case, an unconstitutional delegation of legislative powers. We fail to see that there is *any* delegation of legislative powers involved here. When a statute provides a penalty for the commission of a forbidden act an administrator or a judicial officer has only one responsibility, i.e., to determine whether the forbidden act was in fact committed. This involves a factual determination, not the exercise of a legislative function. If the

"There is no need under Rule 521(a) to give notice of the constitutional issue to the Attorney General if the Commonwealth or any Commonwealth officer, acting in an official capacity is a party."

statute in question here had, in fact, imposed a mandatory penalty, there would be no delegation of legislative powers to the administrator or judicial officer who imposed the penalty. The fact that there is some discretion in the statute does not change this principle. In *Weinstein Liquor License Case*, 159 Pa. Superior Ct. 437, 48 A.2d 1 (1946), the question was whether former Section 410 of the Pennsylvania Liquor Control Act,[3] which confers upon the Pennsylvania Liquor Control Board the power and authority to suspend or revoke liquor licenses for violations of the provisions of that Act, was in contravention of former Article 2, Section 1 of the Pennsylvania Constitution,[4] and, therefore, invalid as an unlawful delegation of legislative powers. Appellant challenged the constitutionality of the statute on the ground that the legislature had not set out precise criteria to determine what offenses would justify the revocation of a license and what offenses would call for a suspension of a license only. The court stated that "the fact that the penalty to be imposed depended upon the discretion of the Liquor Control Board is not an improper delegation of legislative power. It was not only impractical but almost impossible for the legislature to anticipate all the various situations that might arise in citation cases and provide therefor by specific standards or to classify them." 159 Pa. Superior Ct. at 441, 48 A.2d at 3. The court concluded that the power conferred upon the board was an administrative and not a legislative function. To the same effect is *Marshall Impeachment Case*, 363 Pa. 326, 69 A.2d 619 (1949).

 Mark's remaining argument alleges a due process violation in that the department has flouted the will of the legislature by removing all substantive content from the mandated hearing and by establishing a policy that, regardless of events at the "hearing," all motorists falling within

3. Act of November 29, 1933, Special Sess., P.L. 15, *as amended, formerly* 47 P.S. § 744–410, repealed by the Act of April 12, 1951, P.L. 90. A similar provision is now found in Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, 47 P.S. § 4–471.

4. Now Article 3, Section 31.

subsection 1538(c) will suffer a full thirty-day suspension of their licenses. Mark cites the case of *Reese v. Kassab*, 334 F.Supp. 744 (W.D.Pa.1971). In that case, a statutory three judge federal court was convened to determine the constitutionality of a state statute. The court held that the suspension of a driver's license for the accumulation of points without an administrative hearing violated the due process requirements delineated by the United States Supreme Court in *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Although the federal court found what it called the "Point System Act" was unconstitutional because it did not provide for a hearing, the court made the following comment:

> There can be no quarrel with the Commonwealth's position that in order to regulate the use of its highways, the state does have power to enact the Point System Plan into law and that it may use infractions of the Vehicle Code as a basis for license suspension. We may say further that the legislation is an intelligent and commendable effort to diminish the carnage on our highways by focusing attention on the most common cause of accidents, the careless and code-violating driver. However, it is not enough that the substantive provisions of a statute pass constitutional muster because it is also necessary that the methods of administration meet appropriate standards of due process.

*Reese*, 334 F.Supp. at 746.

The court, further in the opinion, made the following statement:

> We point out, however, that even if the convictions cannot be contested, there still remain the possibilities, among others, that the convictions were those of another person with the same name; that the fines and costs were paid on an information at variance with that for which the minor judiciary entered a conviction as plaintiff contends occurred in this case; that the points were improperly calculated; that credits were wrongfully withheld; or that there were errors on the report of conviction form.

In none of these instances is there a provision for a hearing before suspension even though notice of the assessment of points is given. Notice without opportunity to rectify error obviously is not sufficient.

*Reese,* 334 F.Supp. at 747.

We notice that the Vehicle Code has been amended to provide for a pre-suspension hearing; we also take note of the fact that the federal court confined its critique to formal and procedural irregularities liable to occur in the administration of the Vehicle Code, none of which are alleged here, and did not find the Vehicle Code generally violative of due process.[5]

We conclude Section 1538(c) of the Vehicle Code is not constitutionally infirm.

Accordingly, we affirm the order of the Court of Common Pleas of Allegheny County.

## ORDER

NOW, September 11, 1990, the order of the Court of Common Pleas of Allegheny County, at No. SA 1547 of 1989, entered September 6, 1989, is affirmed.

---

**5.** This Court has addressed many of the concerns expressed by the federal district court. *See Cessna v. Department of Transportation, Bureau of Driver Licensing,* 130 Pa. Commonwealth Ct. 163, 567 A.2d 760 (1989); *Southerland v. Department of Transportation, Bureau of Motor Vehicles,* 127 Pa. Commonwealth Ct. 349, 561 A.2d 1276 (1989); *Westfall v. Department of Transportation, Bureau of Driver Licensing,* 126 Pa. Commonwealth Ct. 88, 558 A.2d 619 (1989); *Department of Transportation, Bureau of Traffic Safety v. Pompeo,* 73 Pa. Commonwealth Ct. 414, 458 A.2d 327 (1983); *Department of Transportation v. Jaffe,* 65 Pa. Commonwealth Ct. 594, 442 A.2d 1253 (1982); *Department of Transportation, Bureau of Traffic Safety v. Miernicki,* 56 Pa. Commonwealth Ct. 254, 424 A.2d 990 (1981); *Department of Transportation, Bureau of Traffic Safety v. Gibboney,* 51 Pa. Commonwealth Ct. 221, 414 A.2d 408 (1980).