**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Travis L. KITCHEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 2002.

Filed Dec. 18, 2002.

Theodore E. Hinckley, Towanda, for appellant.

Todd K. Hinkley, Asst. Dist. Atty., Towanda, for Com., appellee.

Before: DEL SOLE, P.J., ORIE MELVIN and BROSKY, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Travis Kitchen, appeals from the judgment of sentence imposed following his conviction of one count of Sexual Abuse of Children by Photographing Sexual Acts and one count of Possession of Child Pornography.[1] On appeal, he argues that the Child Pornography statute is unconstitutionally overbroad. He also contends that the two counts for which he was convicted should merge for purposes of sentencing and the trial court abused its discretion in imposing a sentence at the

---

1. 18 Pa.C.S.A. §§ 6312(b) and (d), respectively.

top of the aggravated range of the sentencing guidelines. We affirm.

¶ 2 Appellant was charged with violating one count of § 6312(b) for taking sexually explicit photographs of his sixteen-year-old paramour, one count of § 6312(d) for possessing them and one count of corruption of a minor. These charges were consolidated for trial with another incident in which the Appellant was charged with a single count of 18 Pa.C.S.A. § 6312(b) for photographing another minor, his sister's roommate, who was also partially nude in a sexually suggestive pose.

¶ 3 Appellant was tried before a jury on January 25, 1999.[2] He was acquitted of the charge involving his sister's girlfriend, and he was acquitted of the corruption charge of his former girlfriend. However, he was convicted of § 6312(b) and (d) involving his former girlfriend. Appellant was subsequently sentenced on February 28, 2000 to a period of incarceration of two (2) to five (5) years for photographing the minor victim and a consecutive period of incarceration of two (2) to five (5) years for possessing the photographs. Appellant's motion for arrest of judgment was denied, as was his motion to modify sentence.[3] Appellant then filed his notice of appeal.

¶ 4 When we first considered this appeal, Appellant was represented by defense counsel Theodore Hinckley, Esquire, who filed a motion for leave to withdraw contemporaneously with the appeal, in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and its progeny. Because the issues raised on appeal were not wholly frivolous, we denied the petition to withdraw and remanded for an advocate's brief. Having now received that brief, we turn to the merits of this appeal.

¶ 5 At trial, the victim testified that when she was sixteen years of age she moved into Appellant's apartment where the two lived together for about eighteen months. She testified that during those months, Appellant photographed her over sixty times in sexually explicit poses despite the fact she was under the age of eighteen. She admitted that while they were living together she and Appellant had a child, and Appellant continued to take photographs, before, during and after her pregnancy. A number of photographs were introduced into evidence, which the victim retrieved from the WalMart Store where they had been developed. She also testified that she and the Appellant had argued about other sexually explicit photographs which he had taken, kept and refused to return.

¶ 6 Diana Hostettler, a Bradford County Children and Youth Services caseworker, testified that she first became aware of the photographs when she visited the Appellant's mobile home regarding placement of the couple's child. Ms. Hostettler was there in order to help the victim move out. She suggested that the victim might want to bring photographs from their home with her to preserve them for the future, should the victim's son want a picture of his biological parents. In sorting through photo albums and boxes with the victim, Ms. Hostettler came across photographs of the victim in various stages of undress and in sexually explicit poses.

---

**2.** The trial court granted Appellant's request to represent himself during the trial but directed trial counsel to remain in order to aid Appellant.

**3.** In response to Appellant's Motion to Modify Sentence, the trial court did amend the sentencing order to reflect the fact that the charge of 6312(d) was a felony of the third degree, rather than a felony of the second degree. In all other respects, the motion was denied.

¶ 7 When confronted, Appellant did not deny taking some of these photographs. Instead, he focused his defense on his claim that the pictures were taken with the victim's consent. He testified that he did not feel it should be against the law to photograph the mother of his child. Finally, he argued that others were just as culpable as he was because they too possessed some of the photographs.

¶ 8 In his advocate's brief, counsel has set forth Appellant's three issues on appeal:

I. Whether the statute criminalizing photographing minors in sexual acts and the possession of child pornography is unconstitutionally overbroad as it relates to the facts of this case, where the defendant and victim reside together and are raising a child?

II. Whether the offenses of photographing and possessing child pornography should merge under the circumstances of this case?

III. Whether the Court erred in imposing a sentence at the top of the aggravated range of the sentencing guidelines?

Appellant's brief at 7.

¶ 9 Appellant first complains that 18 Pa. C.S.A. §§ 6312(b) and (d), concerning Sexual Abuse of Children, are unconstitutionally overbroad statutes. At trial, he attempted to argue that the victim in this case was emancipated by Court Order and was his common law wife. Unfortunately for him, the evidence at trial did not support his claim. However, Appellant has now abandoned that claim and instead relies on the fact that he and the victim lived together for eighteen months and had a child, suggesting that she was a willing participant. Appellant's claim is that, "since a minor may consent to sexual intercourse with an adult at the age of sixteen, prosecution of the adult for photographing or possessing sexually graphic images of the minor is impermissible. Rather, the application of this law to any minor under the age of eighteen is overbroad as it criminalizes consensual activity even where the minor is living as an adult within the relationship." Appellant's brief at 10.

¶ 10 When reviewing a constitutional challenge of a statute, we bear in mind that the judiciary must accord a strong presumption of constitutionality to the acts of the legislature as a coequal branch of government. *Commonwealth v. Balog,* 448 Pa.Super. 480, 672 A.2d 319 (1996). To overcome this presumption, the person challenging the constitutionality of a statute shoulders the heavy burden of demonstrating that the statute clearly, palpably and plainly violates the constitution. *Id.* (citing *Commonwealth v. Stock,* 346 Pa.Super. 60, 499 A.2d 308, 311–12 (1985)). This is no easy task.

¶ 11 We focus on Appellant's attempts to claim that the statute is overbroad. As we noted in *Commonwealth v. Savich,* 716 A.2d 1251 (Pa.Super.1998):

The overbreadth doctrine allows a defendant to attack a statute because of its effect on conduct other than the conduct for which defendant is being punished. *Mass. v. Oakes,* 491 U.S. 576, 586, 109 S.Ct. 2633, 105 L.Ed.2d 493 (1989) It is the burden of the person whose conduct is legitimately proscribable, and who seeks to invalidate the entire law because of its application to someone else, to 'demonstrate from the text of [the law] and from actual fact' that substantial overbreadth exists. *Id.* at 590, 109 S.Ct. 2633.

*Savich* at 1255.

¶ 12 Overbroad statutes authorize the punishment of constitutionally protect-

ed conduct; where the language of the statute is not vague but literally encompasses a variety of protected activities, it cannot be read literally. *Commonwealth v. Stenhach,* 356 Pa.Super. 5, 514 A.2d 114, 124 (1986). In *Stenhach,* this Court declared the statutes against tampering with physical evidence, 18 Pa.C.S.A. § 4910, and hindering prosecution, 18 Pa.C.S.A. § 5101, were constitutionally overbroad when applied to criminal defense lawyers who had an ethical duty of constitutional dimension not to turn over incriminating evidence to the prosecution. Another example of constitutional overbreadth is the provision of the driving under the influence statute formerly found in the Vehicle Code at 75 Pa.C.S.A. § 3731(a)(5) which provided in relevant part that a person shall not drive if the amount of alcohol by weight in the blood of a person (BAC) is .10% or greater at the time of a chemical test obtained within three hours after the person drove. This statute was declared unconstitutionally overbroad because it punished constitutionally protected activity as well as illegal activity. *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996). In *Barud,* our Supreme Court reasoned that if a person is operating a motor vehicle with a BAC below .10%, which is legal, they might still be convicted under the statute if their BAC reaches .10% or greater within three hours after driving. Because the statute as written at the time authorized the punishment of constitutionally protected conduct, it was struck down as constitutionally overbroad.

¶ 13 In the present case, Appellant fails to set forth a constitutionally protected activity, which is being criminalized. He suggests that an adult can take pornographic pictures of a minor, if the minor consents. However, there is no authority to support such a claim. Instead, our legislature recognizes that "the inexperience

of youth prevent[s] intelligent judgment in matters of morality." *See Commonwealth v. Collin,* 233 Pa.Super. 300, 335 A.2d 383, 386 (1975) (holding that a child's consent is "of no moment," where an adult was charged with corruption of morals of a minor). In fact, our Courts have held that consent is never an issue for proof of a corruption of minors charge, because the statute, protective in purpose, places the guardianship of minors' morality upon adults. *Commonwealth v. Anderson,* 379 Pa.Super. 589, 550 A.2d 807, 809 (1988). Likewise, we find that the child pornography statute is protective in purpose and the consent of a child victimized by having pornographic pictures taken of him/her is equally "of no moment." Clearly, no one can legally take pornographic photographs of a child, regardless of whether the child consents.

¶ 14 Appellant also tries to justify taking pornographic pictures of the victim because he had a sexual relationship with her, from which a child was born, suggesting that we should somehow view his conduct as having occurred in the privacy of their sexual relationship. However, we reiterate that Appellant failed to present evidence at trial to support a finding that this victim was emancipated by Court Order or was his common law wife. Even if there had been proof that this couple was married, Appellant's conduct towards this minor victim would not be excused. Looking again to the corruption of the morals of a minor cases for guidance, we note that a married minor's morals can be corrupted by his/her spouse. *See Commonwealth v. Stafford,* 749 A.2d 489, 499–500 (Pa.Super.2000) (explaining that the legislature had deemed that there are certain activities that a minor may not do, and activities that adults may not participate in with a minor, even if the minor is married to that adult or emancipated.).

¶ 15 In *Stafford* we recognized that it is somewhat incongruous for a person not to be guilty of a sexual offense for having consensual sexual intercourse with a minor because it is his or her spouse, but to be potentially guilty of corruption of a minor for that same act. However, we are bound by the plain meaning of the statute and must leave any change to the legislature should it see fit. Accordingly, Appellant's relationship with the victim in this case is no excuse for his behavior. In fact, our legislature has determined that children need to be protected from being victimized through child pornography, and as long as the victim in this case is a child under the age of eighteen, that child too should be afforded the same protection.

¶ 16 Appellant's remaining claims concern sentencing errors. Appellant contends the two charges, Photographing Children in violation of 18 Pa.C.S.A. § 6312(b) and Possession of Photographs in violation of 18 Pa.C.S.A. § 6312(d), should merge for purposes of sentencing. In addition, he challenges the discretionary aspects of his sentence. The Commonwealth contends these issues are waived because the Appellant failed to include them in his 1925(b) Concise Statement of Matters Complained of on Appeal. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998).

¶ 17 The record reveals that on June 28, 2000, the trial court directed Appellant to file a concise statement of matters complained of on appeal within fourteen days pursuant to Pa.R.A.P. 1925(b). *See* C.R. at 36. A statement was filed raising the constitutionality of the child pornography statute as overbroad and challenging the propriety of the jury instruction. *See* C.R. at 37. Notably, no mention is made of any sentencing errors, the issue of merger or the discretionary aspects of sentence. Accordingly, the trial court filed an opinion

addressing Appellant's claims raised in the 1925(b) statement only and did not address any sentencing claims. *See* C.R. at 5. Although the issue of merger was raised in Appellant's *Anders* brief, Appellant concedes that his challenge to the discretionary aspects of sentence was not raised in his Concise Statement of Matters Complained of on Appeal or in the *Anders* brief filed by prior appellate counsel.

¶ 18 In *Commonwealth v. Lord, supra,* our Supreme Court found that in order to preserve claims for appellate review, appellants must comply whenever the trial court orders them to file a 1925(b) statement. The Court further found any issues not raised in the 1925(b) statement are waived. Therefore Appellant's discretionary aspect of sentence claim is waived under *Lord* and its progeny. Just as an appellant can waive a challenge to the discretionary aspect of sentence by failing to include a separate concise statement of the reasons relied upon for allowance of appeal in his appellate brief under Pa. R.A.P. 2119(f), *Commonwealth v. Eck,* 439 Pa.Super. 530, 654 A.2d 1104 (1995), waiver will be found where the issue is not raised in the 1925(b) statement. Therefore we decline to address Appellant's challenge to the discretionary aspect of his sentence where it is raised for the first time on appeal.

¶ 19 Unlike discretionary aspects of sentence, the legality of sentence is never waived and may be the subject of inquiry by an appellate court *sua sponte. Commonwealth v. Pastorkovic,* 390 Pa.Super. 1, 567 A.2d 1089, 1091 (1989) (citations omitted). *See also Commonwealth v. Campbell,* 351 Pa.Super. 56, 505 A.2d 262, 265 (1986) (*en banc*) (stating, "The question of legality of multiple sentences, based on a claim that the convictions should have merged for sentencing, is not waived by the failure to raise it in the trial court.").

Therefore, we decline to find waiver here relative to the merger claim.

 ¶ 20 The Commonwealth argues that even if we decline to find waiver, the sentences should not merge because there was more than one criminal act to support the convictions in this case. The Commonwealth points out that the evidence at trial demonstrated that there were multiple occasions where he photographed the victim and multiple occasions where he retained other photos. We find this argument persuasive.

> The question of when sentences should merge is not an easy problem.... Analytically, the problem concerns whether a single criminal plan, scheme, transaction or encounter, which may or may not include many criminal acts, may constitute more than one crime, and if it may constitute several crimes, whether each criminal conviction may be punished separately or whether the sentences merge.

*Commonwealth v. Anderson*, 538 Pa. 574, 576–577, 650 A.2d 20, 21 (1994).

 ¶ 21 Generally, the doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction. *Commonwealth v. Collins*, 564 Pa. 144, 147, 764 A.2d 1056, 1057 (2001). Where the legislature has not provided guidance, the courts are left with the determination. *Anderson, supra* at 577, 650 A.2d at 21. However, where the same facts are not the basis to support the convictions, the merger question is inapplicable. *Commonwealth v. Gatling*, —— Pa. ——, 807 A.2d 890 (2002). In the present case, Appellant took a series of pictures of the victim, before, during and after her pregnancy. She testified that Appellant photographed her over sixty times in sexu-

ally explicit poses despite the fact she was under the age of eighteen. A number of photographs were admitted into evidence, which the victim retrieved from the Wal-Mart Store where they had been developed before Appellant could possess them. She also testified that she and the Appellant had argued about other sexually explicit photographs which he had taken, kept and refused to return. He also retained pornographic photographs of her in numerous albums and boxes around their home. This is not a case where only one photograph was taken and retained. The minor was victimized by the taking of the photographs and then victimized again by the fact that Appellant retained them so as to be available for viewing for himself and others at a later time. Just as our courts have consistently rejected "wholesale discounts" for multiple offenses, we likewise will not afford Appellant the benefit of viewing his crimes as one continual event, nor will we accept Appellant's argument that under the facts of this case, photographing children, in violation § 6312(b), and possession of child pornography, in violation of § 6312(d), merge for purposes of sentencing.

¶ 22 Judgment of sentence affirmed.

¶ 23 DEL SOLE, P.J. joins.

¶ 24 BROSKY, J. files a concurring opinion.

BROSKY, J., concurring.

¶ 1 As I understand it, the 16–year–old female in this case and Appellant were "lovers," and all the sexual relations that took place between them were consensual. Indeed, the young woman lived with Appellant for 18 months and had a child with him. Casting aside the fact that many in our society would frown upon, if not condemn, a relationship between an adult male and a sixteen-year-old female, the

fact of the matter is, according to our law, the young woman was of sufficient age to consent to sexual relations, *see* 18 Pa. C.S.A. § 3122.1.

¶ 2 However, as the majority recognizes, consent has no bearing on the crime in question here, which has a steadfast application to any minor. This fact leads to the seemingly inconsistent reality that Appellant could "legally" engage in consensual sexual intercourse with the mother of his child, but photographing or videotaping the same activity, or the seemingly less offensive act of photographing her in the nude,[4] would be illegal. 18 Pa.C.S.A. § 6312(b). Moreover, if we have read the statute correctly, had Appellant and the young woman married, Appellant still would have violated the letter of the law had he photographed or videotaped their lovemaking or photographed her in the nude.[5] And to attenuate the facts even further, the above activities, even between a husband and minor-wife, would violate the terms of the statute even if the material was produced solely for Appellant's personal use and never saw the light of day.

¶ 3 While undoubtedly the statute relevant to the present case was founded upon the best of intentions and, we trust, promotes those interests in most cases, the facts of the present case surely are not what was at the heart of the statute in question. It appears to me that there are some rather inconsistent and illogical applications of the above laws as written and that the present case highlights them rather dramatically. I therefore suggest that the time has come for considered review of this particular statute by the legislature so that situations such as this do not obtain the same incongruous result.

¶ 4 Additionally, had the issue been properly preserved, I would find that a substantial question has been presented that the sentence imposed is not appropriate under the sentencing guidelines.[6] Indeed, I believe that a strong case has been made for a downward deviation from the standard range of the sentencing guidelines. As pointed out in *Commonwealth v. Gause*, 442 Pa.Super. 329, 659 A.2d 1014 (1995), the guidelines were passed to create more uniform sentences in Pennsylvania and are based upon the premise that a generic or typical occurrence of any crime is designed to receive a sentence in the standard range. That is, the Sentencing Commission was aware of the inherent egregiousness of each statutory offense and incorporated the appropriate level of punishment in the "standard range" of the Sentencing Guidelines for what might be deemed a "standard," or "typical" version of events that constitute the crime in question. If the facts of particular occurrence of the crime are somehow more, or less, "offensive" or egregious than those contemplated by the Guidelines, that is, a typical occurrence or version of the offense, deviation should occur to make the "punishment fit the crime." While the

**4.** A "prohibited sexual act" under the statute includes "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(a).

**5.** 18 Pa.C.S.A. § 3122.1, Statutory Sexual Assault, does not proscribe sexual intercourse between a minor individual under 16 years of age if the other person is married to the minor. 18 Pa.C.S.A. § 6312 has no similar exempting provision.

**6.** *See, e.g., Commonwealth v. L.N.*, 787 A.2d 1064, 1071 (Pa.Super.2001), *appeal denied*, 569 Pa. 680, 800 A.2d 931 (2002)("Before a challenge to the judgment of sentence will be heard on the merits, an appellant must demonstrate there is a substantial question that the sentence is inappropriate under the sentencing guidelines.")

facts of the case are to be considered in determining an "appropriate" sentence, the sentencing judge is not free to reject the Commission's sense of fair punishment and interject its own sense of justice. *Id.,* 659 A.2d at 1018.

¶ 5 While the circumstances that might represent a typical or generic violation of the statute in question might be open to some debate, it must be admitted that the facts of the present case fall on the less egregious end of the conduct spectrum that is encompassed within its definitions. As such, I would permit review of the discretionary aspects of the sentence imposed had this issue been properly preserved on appeal.

¶ 6 For all of these reasons, I am constrained to concur with the result reached by the majority in this unfortunate case.