J-A10015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :             PENNSYLVANIA
                                     :
               v.                      :
                                     :
                                     :
PATRICK ROBERT MURPHY         :
                                     :
             Appellant             :     No. 2487 EDA 2019

Appeal from the Judgment of Sentence May 20, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001386-2018

BEFORE:  BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                  **FILED JULY 24, 2020**

Patrick Robert Murphy appeals from his judgment of sentence of
seventy-two hours to six months of imprisonment, plus fines and costs,
imposed following his conviction for driving under the influence—controlled
substance ("DUI").  We affirm.

The relevant facts, succinctly, are as follows.  On November 22, 2017,
following a routine traffic stop for a broken headlight, Appellant was arrested
upon suspicion of DUI.  A test of Appellant's blood revealed a minimal
detectable presence of an inactive metabolite of marijuana.  While Appellant
admitted to smoking marijuana on occasion, there was no indication that his
marijuana use was recent or illegal.  Furthermore, the Commonwealth's
evidence established that the inactive metabolite detected in Appellant's blood

_____

[*] Retired Senior Judge assigned to the Superior Court.

had no physiological effect on his body or mind. However, as operating a motor vehicle with the mere presence of any metabolites of marijuana in one's blood is prohibited by 75 Pa.C.S. § 3802(d)(1)(iii), Appellant was convicted of violating that statute and sentenced as indicated above. Following the trial court's denial of his timely post-sentence motion, he filed this timely appeal.

Appellant presents the following question for this Court's consideration: "Given the changes in the law concerning the legalization of marijuana in other states and the legalization of medical marijuana in Pennsylvania, is [§ 3802(d)] unconstitutional for being overbroad as it applies to marijuana in that it punishes legal as well as illegal activity?" Appellant's brief at 5.

We begin with a review of the applicable legal principles. Since the constitutionality of a statute is a question of law, "our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Davidson**, 938 A.2d 198, 203 (Pa. 2007). This Court has explained:

> There is a strong presumption in the law that legislative enactments do not violate the constitution. Moreover, there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. . . . A statute, therefore, will only be found unconstitutional if it clearly, palpably and plainly violates the constitution.

**Commonwealth v. Murray**, 749 A.2d 513, 516 (Pa.Super. 2000) (cleaned up).

A statute is unconstitutionally overbroad "only if it punishes lawful constitutionally protected activity as well as illegal activity. Thus, in determining whether a statute is unconstitutional due to overbreadth, a

court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." ***Commonwealth v. McCoy***, 69 A.3d 658, 662 (Pa.Super. 2013) (cleaned up).

Section 3802(d) provides in relevant part as follows:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

(i) Schedule I controlled substance, as defined in [35 Pa.C.S. § 780-104(1), which includes marijuana];

. . . ; or

(iii) metabolite of a substance under subparagraph (i)[.]

75 Pa.C.S. § 3802(d).

Appellant contends that § 3802(d) is unconstitutionally overbroad because marijuana may be legally ingested in various forms in Pennsylvania and elsewhere. Specifically, although he acknowledges that medical marijuana is not at issue in this case, Appellant cites Pennsylvania's medical marijuana act, 35 P.S. §§ 10231.101-10231.2110, as well as other jurisdictions' legalization of its recreational use. Appellant's brief at 13-15. Claiming that the statute "criminalizes behavior that did not occur in Pennsylvania," Appellant further posits that arresting a person for a violation of § 3802(d) because he or she ingested marijuana elsewhere is "like arresting someone in Pennsylvania for soliciting a prostitute in Las Vegas, where such a thing is legal." ***Id***. at 13-14, 17.

Appellant's arguments are unavailing. First, § 3802 patently does **not** criminalize merely having marijuana metabolites in one's blood. Rather, the statute prohibits and punishes only the act of **driving a vehicle in Pennsylvania** while having such metabolites in one's blood. Thus, Appellant's argument that § 3802 criminalizes extraterritorial conduct is specious.

Second, Appellant cites no authority to support that driving with marijuana metabolites in one's blood, or utilizing marijuana in any context, amounts to "constitutionally protected conduct." **Cf. McCoy**, **supra** at 662 (cleaned up).

As Appellant has failed to identify a constitutionally-protected activity that is punished by § 3802(d), his overbreadth necessarily challenge fails. **Accord Commonwealth v. Kitchen**, 2002 PA Super 394, ¶ 13, 814 A.2d 209, 213 (Pa.Super. 2002) (rejecting overbreadth challenge to child pornography criminal statute where the appellant "fail[ed]to set forth a constitutionally protected activity, which is being criminalized"). As that is the only issue fairly suggested by Appellant's statement of questions involved,[1]

---

[1] Appellant also argues that, in light of the lack of any effect of inactive marijuana metabolites upon a person's ability to drive, the legalization of some marijuana uses in some jurisdictions served to divorce § 3802(d)(1)(iii) from any legitimate public policy. **See** Appellant's brief at 13. The law Appellant cites in this regard relates to a substantive due process challenge. **See id**. at 2 (citing **Shoul v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing**, 173 A.3d 669, 676-78 (Pa. 2017) (discussing how substantive due

no relief is due. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Pellegrini concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/20

_____

process protects people from "arbitrary and unjust proceedings"). A substantive due process claim is neither fairly suggested by Appellant's stated question, nor developed in his brief. Accordingly, we do not address it.

Similarly, the American Civil Liberties Union of Pennsylvania has filed an *amicus curiae* brief offering arguments that a prosecution under § 3802(d) based upon inactive marijuana metabolites is not related to a legitimate state objective and is barred as to medical marijuana patients, as well as that the statute is unconstitutionally vague. **See** *Amicus Curiae* brief at 1-2. However, Appellant has neither preserved nor presented those questions to this Court. Therefore, they are not properly before us and may not serve as a basis for relief. **See Commonwealth v. Cotto**, 753 A.2d 217, 224 n.6 (Pa. 2000) ("An *amicus curiae* is not a party and cannot raise issues that have not been preserved by the parties.").