J-S57033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VANCE P. HEIN | |
| Appellant | No. 429 EDA 2014 |

Appeal from the PCRA Order entered January 8, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003737-2011

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 18, 2015**

Appellant, Vance P. Hein, appeals *pro se* from the January 8, 2014 order entered in the Court of Common Pleas of Chester County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and granting PCRA counsel's petition to withdraw.[1]  For the reasons set forth herein, we vacate and remand for further proceedings in accordance with this Memorandum.

The PCRA court explained:

[Appellant] pled guilty to five (5) counts of Possession of Child Pornography.  In accordance with the plea agreement, he was sentenced to 15 to 30 years imprisonment.  [Appellant] thereafter filed this timely PCRA Petition alleging that his attorney provided him with ineffective assistance of counsel and

---

[1] PCRA counsel filed his Petition to Withdraw and served his "no-merit" letter on Appellant pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

that his guilty plea was unlawfully induced. Specifically, he claims that (1) his counsel's representation fell below minimum acceptable standards; (2) at the time of the guilty pleas, he was under medication that affected his ability to make a competent decision; (3) he was wrongfully told that he was facing a 25 year mandatory minimum sentence if he did not accept the plea and he was found guilty of the charges against him; and (4) the written colloquy indicates a sentence of 6 to 12 years, not 15 to 30 years. See [Appellant's] Motion for Post Conviction Collateral Relief.

At a hearing on May 23, 2012 during which [Appellant] pled guilty, [Appellant] testified that he had time to review the matter thoroughly with his attorney before entering his guilty plea, and that he was satisfied with the services provided by his attorney. He also testified that he reviewed the guilty plea colloquy thoroughly with his attorney and that he understood the various matters discussed in it. [Appellant] also testified that he was pleading guilty because he did, in fact, commit the crimes to which he was pleading guilty. *Further, he testified that, other than the sentence agreed to in the plea agreement, no one promised him anything in order to get him to plead guilty, and that no one threatened, pressured or forced him in any way to plead guilty.* In addition, he testified that he had consumed Prozac within 24 hours of accepting the plea, but that it did not interfere with his ability to understand the proceedings or to communicate with his attorney. At the time the guilty plea was entered, the court was of the opinion that [Appellant's] plea was knowingly, voluntarily and intelligently offered. The court is still of that opinion.

While [Appellant's] plea was entered on May 23, 2012, sentencing was deferred until an evaluation of [Appellant] by the State Sexual Offender Assessment Board (hereinafter "SOAB") could be completed. As a result of the SOAB assessment, [Appellant] was found to be a sexually violent predator by Dr. Mapes.

A second hearing was held on August 16, 2012, during which sentence was imposed. [Appellant] testified that he did not consume any alcohol, drugs or medication, and that he did not have any mental illness or any other condition that would interfere with his ability to understand, make decisions and communicate with his attorney. He then waived his right to a

2

hearing on whether he should be classified as a sexually violent predator. He again testified that he reviewed the issue extensively with his counsel, no one promised him anything in order to get him to stipulate to the finding, and that he understood the terms and conditions of the registration requirements. The court found that he made a knowing, voluntary and intelligent waiver of his right to have a sexually violent predator hearing. He was found to be a sexually violent predator and was subject to Megan's Law requirements. The agreed upon sentence of 15 to 30 years imprisonment was then imposed.

PCRA Court Order, 1/8/14, 2-3 (emphasis added).[2]

Appellant filed a timely appeal from the January 8, 2014 order. In his statement of errors filed pursuant to Pa.R.A.P. 1925(b), Appellant asserted 15 errors. Appellant's Statement of Matters Complained of on Appeal, 3/3/14 at 1-3. In the brief filed with this Court,[3] Appellant consolidated the

---

[2] At the time of his 2011 arrest for child pornography, Appellant was serving a 15–year sentence of probation stemming from 2000 convictions for indecent assault (18 Pa.C.S.A. § 3612(a)), a misdemeanor of the second degree), endangering welfare of children (18 Pa.C.S.A. § 4304(a)), a misdemeanor of the first degree), and corruption of minors (18 Pa.C.S.A. § 6301(a)), a misdemeanor of the first degree). At both the guilty plea hearing and the sentencing hearing, counsel for the Commonwealth explained to the trial court that the plea agreement for a sentence of 15-30 years was agreed to in lieu of the mandatory minimum 25-year sentence Appellant would otherwise face in light of his prior conviction. N.T. Guilty Plea Hearing, 5/23/12, at 2-3; N.T. Sentencing Hearing, 8/16/12, at 2.

[3] We note that Appellant's brief was due on Tuesday, July 15, 2014, by virtue of an extension granted by this Court. Appellant's brief was not filed until Wednesday, July 16. In the absence of any objection to Appellant's non-compliance with Pa.R.A.P. 2185(a)(1), relating to the time for serving and filing briefs, we elect to address the appeal pursuant to our discretion under Pa.R.A.P. 105(a). *AmerisourceBergen Corp. v. Doe*, 81 A.3d 921, 923 n.1 (Pa. Super. 2013).

fifteen claimed errors into seven issues for this Court's consideration. Those issues, stated verbatim, are:

1. Could Mr. Hein's February 15, 2000 conviction for Indecent Assault – W/O Consent of Other 18 § 3126(a)(1), a misdemeanor of the second degree (M-2) be designated as a Megan's Law "First Offense" for sentencing purposes on new charges from 2011 when it did NOT become a "reportable offense until AFTER Mr. Hein's August 16, 2012 sentencing for a Megan's Law offense?

2. Does the lower Court's finding that Mr. Hein's plea was "knowing and voluntary" supersede errors made by Counsel and the State relative to the applicability of a "mandatory minimum" used to justify his lengthy sentence?

3. Was Mr. Hein denied competent and effective assistance of counsel during the plea bargaining process where Plea Counsel failed to challenge the State's contention as to the applicability of a mandatory minimum?

4. Was Mr. Hein denied his due process right to be sentenced on the basis of accurate information where the Assistant District Attorney represented to the Court that the sentence was within the "standard range" of the sentencing guidelines, when, in fact, it was outside and considerably above even the aggravated range?

5. Was PCRA Counsel ineffective for failing to amend, present and preserve for Appellate Review, [Appellant's] meritorious issue of Trial Counsel's ineffectiveness where he failed to research and subsequently raise the possibility of challenges to Mr. Hein's involuntary statements to his Probation Officer and suppression of the statements and the "fruits" of search of his computers which followed?

6. Was the statute, Pa.C.S.A. § 6312(d), UNCONSTITUTIONALLY VAGUE and AMBIGUOUS, since the Legislature failed to specify a definitive Unit of Prosecution?

7. Did the lower Court commit an abuse of discretion and error of law where it imposed sentences to be served consecutively, the aggregate of which was 15 to 30 years, where the

4

sentence was manifestly excessive to the point it constituted too severe a punishment given the circumstances of the crime and where the sentence was based solely on the seriousness of the crime?

Appellant's Brief at 7.[4]

This Court recently reiterated the standard of review from the denial of

PCRA relief as follows:

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**

**Commonwealth v. Medina**, 92 A.3d 1210, 1214-15 (Pa. Super. 2014).

---

[4] Appellant's brief fails to comply with Pa.R.A.P. 2111 (Brief of Appellant), which directs that the brief include the order in question (Pa.R.A.P. 2111(a)(2)), and the statement of errors complained of on appeal (Pa.R.A.P. 2111(a)(11). Despite those deficiencies and our authority to dismiss an appeal for failure to comply with the rules governing briefs (Pa.R.A.P. 2101), we decline to do so.

Of note also is the fact Appellant filed a Pa.R.A.P. 521 Notice to the Attorney General of a challenge to the constitutionality of 18 Pa.C.S.A. § 6312(d) (Sexual abuse of children—child pornography). However, the provisions of Rule 521(a) clearly state that the notice is to be filed "in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party. . . ." Because the Commonwealth is a party to this matter, no notice was required. **See Commonwealth v. Miller**, 80 A.3d 806, 811 n.3 (Pa. Super. 2013) (citing **Commonwealth v. Balog**, 672 A.2d 319, 320 (Pa. Super. 1996)).

This Court also recently summarized the three-pronged test applied when determining ineffectiveness of counsel.

> As originally established by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome . . . if not for counsel's error.

***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citations omitted).

Reading Appellant's first three issues together, Appellant is challenging the plea bargain that resulted in his sentence of 15 to 30 years in prison. Appellant contends he agreed to the plea bargain because he believed he was otherwise facing a mandatory minimum sentence of 25 years due to his prior conviction for indecent assault. He asserts his guilty plea was not "knowing and voluntary" because, in fact, he was *not* subject to the mandatory minimum since his indecent assault conviction was graded as a second-degree misdemeanor.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Fears*, 86 A.3d 795, 806-07 (Pa. 2014) (quoting

*Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999) (internal citations

omitted)). "Where the defendant enters his plea on the advice of counsel,

the voluntariness of the plea depends on whether counsel's advice was

within the range of competence demanded of attorneys in criminal cases."

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)

(citations and internal quotations omitted).

In its January 8, 2014 order, the PCRA court explained:

[Appellant] also claims that he was wrongfully told that he was facing a 25 year mandatory minimum sentence if he did not accept a plea and he was found guilty of the charges against him. [Appellant] claims that the statute on which the Commonwealth based its representations was not in effect until after the date of his sentencing. [Appellant] is mistaken. 42 Pa.C.S.A. § 9718.2 provides in relevant part:

**(a)  Mandatory sentence. –**

Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offense and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense . . ., be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

42 Pa.C.S.A. § 9718.2. While minor amendments to the statute went into effect on December 20, 2012 after [Appellant] was sentenced, the 25 year minimum sentence called for in the statute was, in fact, in effect and applicable to [Appellant] at the time of his sentencing. In 2000, [Appellant] was convicted of Indecent Assault, Endangering the Welfare of a Child and

7

> Corruption of Minors. Indecent Assault is one of the enumerated offenses listed in 42 Pa.C.S.A. § 9799.14. See 42 Pa.C.S.A. § 9799.14(b)(6). Possession of Child Pornography, which forms the basis of [Appellant's] current charges, is also an enumerated offense under the statute. ***See*** 42 Pa.C.S.A. § 9799.14(b)(9). Thus, while the Commonwealth agreed to waive the mandatory minimum sentence if he accepted a plea, he was correctly told that he would have been facing a sentence of not less than 25 years if he did not accept the plea and he was found guilty of the charges against him.

PCRA Court Order, 1/8/14, 4-5.

As the PCRA court correctly states, indecent assault is an offense set forth in 42 Pa.C.S.A. § 9799.14(b)(6). However, § 9979.14(b)(6) was not in effect until December 20, 2012, four months after Appellant was sentenced.[5] Immediately prior to December 20, 2012, 42 Pa.C.S.A. § 9718.2 called for the same mandatory minimum 25 year sentence but referred to § 9795.1 rather than § 9799.14 for the crimes subjecting an individual to that mandatory minimum. Indecent assault triggered the mandatory minimum 25 year sentence under § 9795.1, but only "where the offense is graded as a misdemeanor of the first degree or higher." 42 Pa.C.S.A. § 9795.1(a) (repealed). Because Appellant's indecent assault conviction in 2000 was graded as a second-degree misdemeanor, the registration provisions did not

---

[5] 42 Pa.C.S.A. § 9799.14 was passed into law on December 20, 2011 as part of P.L. 446, No. 111, and was effective one year from that date, *i.e.*, December 20, 2012. The section was subsequently amended on March 14, 2014, retroactive to December 20, 2012, by P.L. 41, No. 19, which, *inter alia*, removed second-degree misdemeanor indecent assault convictions from the list of "sexually violent offenses."

apply to Appellant and his 2000 conviction did not constitute a previous conviction subjecting him to the mandatory minimum.

Appellant's PCRA counsel addressed the mandatory minimum sentencing issue in the letter to Appellant included with counsel's petition to withdraw filed pursuant to *Finley*. In his letter, counsel explained:

> The next issue you raise in your *pro se* PCRA Petition is that your lawyer and the District Attorney told you that if you did not accept the plea offered then you could receive a sentence of 25 years in prison. This is a statement of fact. Because of your prior convictions, you were facing a mandatory minimum sentence of 25 years. In exchange for you[r] plea, the Commonwealth waived that mandatory. If you entered into an open plea or decided to go to trial and were convicted, you would have received, at a minimum, this mandatory minimum sentence of 25 years. Therefore, if convicted of all counts and sentenced you could have easily received a sentence greater than the one you bargained for and received. Even if the mandatory minimum did not apply to you, if you were convicted of all 5 counts of Sexual Abuse of Children (18 Pa.C.S.A. § 6732) which is a Felony III with a maximum punishment of 7 years, you could have received a sentence greater [than] 15 years if the judge decided to sentence you consecutively, which is within his authority to do. In addition, the charges that were dropped by the Commonwealth in exchange for your plea could have been prosecuted if you went to trial. If convicted the judge could sentence you consecutively on all charges which could add up to a period of incarceration well in excess of the 15 years you bargained for.

PCRA Counsel Letter to Appellant, 11/12/13, at 4 (citation to Notes of Testimony omitted).

Applying the *Strickland* test to Appellant's case, we first consider whether Appellant's underlying claim is of arguable merit. Recognizing counsel erroneously advised Appellant he was subject to a mandatory

9

minimum 25-year sentence when in fact he was not, we conclude Appellant's claim has arguable merit. Next, because we cannot discern any objectively reasonable basis by which counsel's action could effectuate Appellant's interest, we find that Appellant has established the second prong of the *Strickland* case. Clearly, misinforming Appellant of the law governing his potential sentence in absence of entering a plea cannot be said to effectuate Appellant's interest. *See, e.g., Commonwealth v. Barndt*, 74 A.3d 185, 196-99 (Pa. Super. 2013), and cases cited therein.

As for the third prong of the *Strickland* test, requiring prejudice to the effect that a different outcome of the plea hearing was reasonably probable but for counsel's error, this Court has stated:

> To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *Hill* [*v. Lockhart,* 474 U.S. 52, 59 (1985)]. The "reasonable probability" test is not a stringent one. *See Nix v. Whiteside*, 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) (reasonable probability standard less demanding than preponderance standard).

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002).

In *Commonwealth v. Mallory*, 941 A.2d 686 (Pa. 2008), our Supreme Court considered the prejudice prong of the *Strickland* test in a case involving the waiver of a jury trial. Addressing the requirement for achieving a better outcome or result, the Court found the United States Supreme Court's ruling in *Hill* instructive. In *Hill*, which involved a challenge to a guilty plea based on ineffectiveness, the Court concluded that

10

the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[T]he *Hill* Court focused on the outcome of the guilty plea proceeding and did not require the defendant to demonstrate that but for counsel's error, he would not have pled guilty **and** would have achieved a better outcome at trial." *Mallory* at 703 (emphasis in original). In other words, *Hill* required a showing of a different outcome at the plea hearing stage but did not require a showing of a better result at trial.

We acknowledge that PCRA counsel's *Finley* letter outlined various alternate outcomes that could have occurred if the mandatory minimum did not apply to Appellant. However, because the PCRA court did not conduct a hearing before denying Appellant's petition, the record is silent as to whether trial counsel advised Appellant—prior to entry of his plea—of any possible outcome other than the mandatory minimum 25-year sentence. Neither the written colloquy nor the transcript of the guilty plea hearing addresses alternate outcomes considered prior to entry of the plea. Consequently, the record is insufficient for this Court to determine whether, in absence of counsel's deficient advice, Appellant would have declined to enter a plea and insisted upon proceeding to trial. Therefore, we remand to the PCRA court with instruction to conduct a hearing to ascertain what possible outcomes, if any, other than the mandatory minimum were

11

explained to Appellant before he entered his plea.  If, at the conclusion of the hearing on remand, the PCRA court determines Appellant has satisfied the prejudice prong of the *Strickland* test, Appellant shall be entitled to withdraw his guilty plea.  If Appellant does not satisfy this prejudice prong of the *Strickland* test, then the trial court may properly conclude Appellant is not entitled to withdraw his plea.

Order vacated and case remanded for proceedings consistent with this Memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015