J-S01022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL L. MARTINEZ | : | |
| | : | |
| Appellant | : | No. 875 MDA 2020 |

Appeal from the PCRA Order Entered August 20, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002199-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 876 MDA 2020 |

Appeal from the PCRA Order Entered August 28, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001839-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL L. MARTINEZ | : | |
| | : | |
| Appellant | : | No. 877 MDA 2020 |

Appeal from the PCRA Order Entered August 28, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001838-2013

J-S01022-21

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED APRIL 14, 2021**

In these consolidated appeals,[1] Angel Martinez (Appellant) appeals, *nunc pro tunc*, from the order entered in the York County Court of Common Pleas, denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA).[2] Appellant seeks relief from the judgment of sentence of an aggregate 81 1/2 to 163 years' imprisonment, imposed following Appellant's jury conviction of rape of a child[3] and related offenses for the repeated sexual abuse of his three minor daughters. Appellant's court-appointed counsel has filed a petition to withdraw from representation and a ***Turner***/***Finley***[4] no merit letter in lieu of a brief. The no merit letter addresses the following claims: (a) whether trial counsel was ineffective for: (1) failing to request an interpreter, (2) failing to properly advise Appellant in regard to a plea bargain, (3) failing to impeach one of the victims with prior inconsistent statements, and (4) failing to poll the jury; (b) whether direct appeal counsel was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On August 13, 2020, this Court granted Appellant's application to consolidate these appeals. **See** Order, 8/13/20.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 3121(c).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

ineffective for failing to raise issues preserved for appeal; and (c) whether the PCRA court erred when it determined (1) the trial court did not err in failing to merge certain charges, and (2) it lacked jurisdiction to consider Appellant's PCRA petition filed in July of 2019.[5] We affirm, and grant counsel's petition to withdraw.

The PCRA court summarized the testimony presented at Appellant's jury trial as follows:

> The first witness that testified at trial was [S.M.,] Appellant's middle daughter and one of eight siblings. From the age of 11 to 14[,] Appellant sexually molested her with his tongue, fingers and genitals on a weekly basis. The victim did not remember the exact dates of when these events began or ended.
>
> . . . Appellant's oldest daughter[, Kr.M.] testified . . . Appellant first raped her when she was 14 years old. This occurred approximately every other week until she was 17 years old.
>
> . . . Appellant's youngest daughter, [Ka.M.], testified . . . Appellant first raped her when she was 11 or 12 years old. She testified that he penetrated her vagina with his finger multiple times, and his genitals once. She could not remember when he stopped.
>
> All three victims stated that they never wanted their father to touch them in this way, that their father told them not to tell anyone else about his conduct, and that he bribed them with electronics and money to keep them quiet.

PCRA Ct. Op., 8/5/20, at 3-4 (record citations omitted).

Appellant was charged with multiple sexual offenses at three separate dockets — one for each victim. The cases were consolidated for a jury trial

---

[5] The Commonwealth did not file a brief in these matters.

which was conducted in December of 2013.  Appellant was represented at trial

by Joshua Neiderhiser, Esq.  On December 13, 2013, the jury found him guilty

of the following offenses:

> (1) Trial Docket No. CP-67-CR-0002199-2012 (victim S.M.):  rape
> of a child, aggravated indecent assault of a child, indecent assault
> (victim less than 13 years of age), involuntary deviate sexual
> intercourse with a child, sexual assault, incest, and unlawful
> contact with a minor;[6]
>
> (2)  Trial Docket No. CP-67-CR-0001839-2013 (victim Kr.M.):
> rape,[7] sexual assault, indecent assault (victim less than 16 and
> defendant four or more years older),[8] corruption of minors,[9]
> terroristic threats,[10] and unlawful contact with a minor; and
>
> (3) Trial Docket No. CP-67-CR-0001838-2013 (victim Ka.M.):
> aggravated indecent assault of a child, indecent assault (victim
> less than 13 years of age), sexual assault, incest, and unlawful
> contact with a minor.

On March 27, 2014, the trial court sentenced Appellant, across all three

dockets, to an aggregate term of 81 1/2 to 163 years' imprisonment.[11]

Several of the sentences were mandatory minimum terms imposed pursuant

to 42 Pa.C.S. § 9718 ("Sentences for offenses against infant persons").

---

[6] 18 Pa.C.S. §§ 3125(b), 3126(a)(7), 3123(b), 3124.1, 4302, 6318(a)(1).

[7] 18 Pa.C.S. § 3121(a).

[8] 18 Pa.C.S. § 3126(a)(8).

[9] 18 Pa.C.S. § 6301(a)(1).

[10] 18 Pa.C.S. § 2706(a)(1).

[11] The court also determined that Appellant met the criteria for classification as a sexually violent predator.  *See* 42 Pa.C.S. §§ 9799.58.

- 4 -

Attorney Neiderhiser filed a post-sentence motion, which the court granted only to the extent it gave Appellant credit for time served. *See* Order, 6/9/14. Appellant filed a timely direct appeal. Meanwhile, on May 12, 2014, Farley Holt, Esquire, entered his appearance as appellate counsel.

On January 26, 2015, a panel of this Court dismissed Appellant's appeal when Attorney Holt failed to file a brief. *See Commonwealth v. Martinez*, 1107 MDA 2014 (Pa. Super. Jan. 26, 2015). On August 12, 2015, Attorney Holt filed a motion for a new trial, in which he averred he was in possession of after-discovered evidence, namely, a notarized statement by S.M., recanting her trial testimony. *See* Motion for New Trial, 8/12/15, at 3-6. At an October 5, 2015, hearing, Attorney Holt made an oral request to withdraw because the Commonwealth indicated he might be called as a witness with regard to S.M.'s signing of the affidavit. *See* N.T., 10/5/15, at 2-5. The trial court permitted Attorney Holt to withdraw and subsequently appointed Heather Reiner, Esquire, as new PCRA counsel. At a hearing conducted on October 26, 2015, the parties agreed Attorney Holt was ineffective for failing to file a brief, and the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. Order, 10/26/15, at 1-2; N.T., 10/26/15, at 2-4. Appellant filed a direct appeal *nunc pro tunc* on November 12, 2015.

Thereafter, on October 14, 2016, this Court affirmed Appellant's convictions, but vacated his judgments of sentence, concluding that the mandatory minimum terms imposed pursuant to Section 9718 were unconstitutional under *Alleyne v. United States*, 570 U.S. 99, 103 (2013)

("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.").[12] *See Commonwealth v. Martinez*, 1994 MDA 2015 (unpub. memo at 5-7) (Pa. Super. Oct. 14, 2016). Upon remand for resentencing, on February 3, 2017, the trial court, once again, imposed an aggregate term of 81 1/2 to 163 years' imprisonment, albeit absent any mandatory minimum sentences. No appeal was filed following the resentencing.

On December 19, 2017, Appellant filed a timely, *pro se* PCRA petition, asserting multiple claims of trial counsel's ineffectiveness. J. Richard Robinson, Esquire, was appointed as PCRA counsel. On May 21, 2018, Attorney Robinson filed a motion for continuance and supplemental PCRA petition, in which he raised a claim that "[p]rior counsel was ineffective in failing to assert or allege [S.M.] did recant her testimony and prior statement that [Appellant] committed the acts upon" her. Appellant's Second Motion for Continuance and Supplemental Petition Pursuant to the Post Conviction Collateral Relief Act, 5/21/18, at 3. The document also stated that Appellant would call S.M., Attorney Holt, and himself as witnesses at a PCRA hearing. *Id.* at 3-4.

The PCRA court conducted an evidentiary hearing on August 20, 2018. Attorney Robinson stated he was not proceeding on two of the ineffectiveness

---

[12] *See Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016) (Section 9718 is unconstitutional under *Alleyne*).

claims raised in Appellant's *pro se* petition — trial counsel's ineffectiveness for failing to request an interpreter and for failing to poll the jury. N.T. PCRA H'rg, 8/20/18, at 5. The only two witnesses who testified at the hearing were S.M. and Appellant himself; Appellant did not call any of his purportedly deficient prior attorneys to testify. At the conclusion of the hearing, the PCRA court denied all relief. **See id.** at 37; Order, 8/20/18. Appellant filed an appeal to this Court, listing all three docket numbers on his notice of appeal.

While that appeal was pending, on July 15, 2019, Appellant filed a petition for relief, asserting Attorney Robinson was ineffective for failing to "properly raise issues" in the PCRA court, or "properly amend" Appellant's petition. **See** Appellant's Petition for Relief Pursuant to Pa.R.A.P. 123, 7/15/19, at 1, 4. Notably, Appellant pointed out that Attorney Robinson failed to call Appellant's prior attorneys as witnesses at the hearing. **Id.** at 4. The PCRA court summarily dismissed the filing, which it properly construed to be a serial PCRA petition, because Appellant's appeal from the denial of relief with regard to his first petition was pending before this Court. Order, 8/26/19.

On October 18, 2019, this Court quashed Appellant's appeals from the August 26th order denying PCRA relief, after determining his single notice of appeal violated the Pennsylvania Supreme Court's ruling in **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket). **See Commonwealth v. Martinez**, 1558 EDA 2018, 1559 EDA 2018, 1560 EDA 2018 (unpub. memo. at 5) (Pa. Super. Oct. 18, 2019),

*appeals denied*, 703 MAL 2019, 704 MAL 2019, 705 MAL 2019 (Pa. Apr. 28, 2020). Subsequently, on April 28, 2020, the Pennsylvania Supreme Court denied Appellant's petitions for allowance of appeal. ***See id.***

On May 26, 2020, Appellant filed a serial PCRA petition, requesting reinstatement of his right to appeal the denial of his first PCRA petition. ***See*** Appellant's Post Conviction Relief Act Petition, 5/26/20, at 14. Appellant asserted Attorney Robinson rendered ineffective assistance when he failed to properly file separate notices of appeal. ***See id.*** at 9-10. On June 11, 2020, the PCRA court entered an order granting Appellant relief. Specifically, the court reinstated Appellant's right to appeal from the August 26, 2018, order denying first PCRA petition, and appointed Aaron Holt, Esquire, as PCRA counsel. ***See*** Order, 6/11/20. On June 24, 2020, Attorney Holt filed three separate notices of appeal *nunc pro tunc*, one at each trial court docket.[13]

Counsel's ***Turner***/***Finley*** brief addresses the following claims on appeal:

> 1. Did the [PCRA] Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief for failing to have an interpreter appointed for [Appellant]?
>
> 2. Did the PCRA Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief for failing to inform [Appellant] that the sentences for the charges in this matter could be run consecutively when advising [Appellant] regarding accepting a plea bargain?

---

[13] Appellant complied with the PCRA court's directives and filed three, identical statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

3. Did the PCRA Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief, for failing to impeach a witness with prior inconsistent statements?

4. Did the PCRA Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief, when Trial Counsel failed to poll the jury?

5. Did the PCRA Court err when it held that Appellate Counsel was not ineffective and therefore [Appellant] was not entitled to relief, when Counsel failed to raise issues that were preserved for appeal by Trial Counsel?

6. Did the PCRA Court err when it held that the Re-Sentencing Court did not impose an illegal sentence when it failed to merge certain chares for sentencing purposes?

7. Did the PCRA court err when it declined to consider [Appellant's] second PCRA Petition, as he had appealed the denial of his first petition and therefore the PCRA Court lacked jurisdiction?

No Merit **Turner**/**Finley** Brief, at 11-12 (footnote omitted).

Before addressing the merits of the issues identified in PCRA counsel's no-merit letter, we must first determine if counsel complied with the procedural requirements for withdrawal. **Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016).

A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (citations omitted).

Here, PCRA counsel's no-merit letter demonstrates counsel has conducted a "thorough review of the record," as evident from his recitation of the procedural history of Appellant's case, as well as his inclusion of a claim that was not included in the Rule 1925(b) statement. *See* No Merit ***Turner***/***Finley*** Brief at 6, 12 n.1, 13-15. Moreover, counsel lists every issue upon which Appellant sought relief in both his *pro se* and counseled petitions, and details why each claim is meritless. *See id.* at 20-41. Furthermore, counsel also properly informed Appellant of his right to proceed *pro se*, or with privately retained counsel. *See* Motion to Withdraw as Counsel, 11/16/20, Exhibit C, Letter to Appellant, 11/16/20. Appellant has not filed any response to counsel's petition to withdraw or no-merit letter. Accordingly, we conclude PCRA counsel properly complied with ***Turner***/***Finley*** and its progeny, and now proceed to an independent review of the issues raised on appeal.

Our review of an order denying a PCRA petition is well-settled: "[W]e must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). "The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon [the appellate c]ourt." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). Moreover, in order to obtain relief based upon an allegation of prior counsel's ineffectiveness,

> the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner

- 10 -

suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

*Johnson*, 139 A.3d at 1272 (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim." *Commonwealth v. Crispell*, 193 A.3d 919, 928 (Pa. 2018) (citation omitted).

Appellant first claims trial counsel was ineffective for failing to request the appointment of an interpreter. However, we note PCRA counsel withdrew this claim at the PCRA hearing. *See* N.T. PCRA H'rg, 8/20/18, at 5. For that reason alone, we could conclude no relief is warranted. Nevertheless, as the PCRA court emphasizes in its opinion, Appellant, himself, "was asked directly, at the beginning of his trial whether he required the assistance of a translator" and he responded he did not. PCRA Ct. Op. at 6, *citing* N.T. Jury Trial, 12/9-12/13, at 3-4. The PCRA court, which also presided over Appellant's jury trial, further noted that it informed Appellant he could request an interpreter at any time during the proceedings, and Appellant never did so. *See* PCRA Ct. Op., at 6; N.T. Jury Trial, 12/9-12/13, at 4. Thus, this claim has no arguable merit. *See Johnson*, 139 A.3d at 1272.

Next, Appellant insists trial counsel was ineffective for failing to inform him his sentences could be imposed consecutively while advising him regarding a plea offer. At the beginning of Appellant's jury trial, the Commonwealth informed the trial court that it made two offers to Appellant, "20 years to 40 years and 15 to 50 years." N.T., Jury Trial, at 3. There was no further discussion of the plea offers. Nevertheless, during the PCRA

- 11 -

hearing, Appellant testified that trial counsel never informed him his sentences could be imposed consecutively, and never told him about a plea offer. N.T., PCRA H'rg, at 24-25. However, he acknowledged he was not "planning on plead[ing] guilty." *Id.* at 29.

When a petitioner argues counsel's ineffectiveness caused him to reject a plea offer, he must demonstrate:

> [b]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, **that the defendant would have accepted the plea** and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (emphasis added), *quoting Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Here, by testifying he did not plan to plead guilty, Appellant has failed to demonstrate that but for counsel's ineffectiveness, he would have accepted the Commonwealth's plea offer. *See* N.T., PCRA H'rg, at 29. Thus, this claim warrants no relief. *See Steckley*, 128 A.3d at 832.

Third, Appellant asserts trial counsel was ineffective for failing to impeach victim S.M. with two prior inconsistent statements. This claim was the focus of the PCRA hearing. The PCRA court summarized the testimony presented at the hearing as follows:

> [S.M.] testified that prior to [Appellant's] trial she wrote one letter to the District Attorney's office[. During trial, she gave] a second notarized statement to [Appellant's] lawyer[.] These letters stated that [Appellant] did not do any of the things that he was

accused of doing to her, the victim. However, upon cross[-]examination, [S.M.] further elaborated upon the conditions behind her writing the letters. For the first letter, she testified that she was pressured by her sister and her grandmother to write the letter on [Appellant's] behalf. For the second, notarized statement, [S.M.] stated she did not have anywhere to live, and it was suggested by her grandmother[, Appellant's mother,] that she could have a place to stay if she wrote a letter exonerating [Appellant]. If she had not written this letter, it was clear to [S.M.] that she would be forced to live on the street. She further testified that nothing in the two written statements was true, and that the true version of events was what she had testified to at trial, i.e. that [Appellant] sexually assaulted her. Shortly after the letters were created, [S.M.] had to leave her grandmother's house. This was as a result to her grandmother pleading *nolo contendere* to witness intimidation[, in conjunction with this incident,] and being forbidden to contact [S.M.].

PCRA Ct. Op. at 2 (record citations omitted). The court noted that Appellant was a co-defendant in the witness intimidation case, "but his charges were nolle prossed" after he was convicted on the charges herein. *Id.* at 8 n.3. The PCRA court further commented:

This record reveals the extreme depravity which . . . Appellant and his family inflicted upon a vulnerable member of their own family. When [S.M.] attempted to exercise her fundamental right to be heard and receive justice in the matter, Appellant's family threatened to kick her out of her home while she was attempting to raise a child of her own as a single mother. This Court finds the victim was coerced into signing a notarized statement that she had lied about the abuse she received at the hands of her father.

*Id.* at 8 n.3.

By way of further background, we note the Commonwealth filed a pretrial motion in *limine* seeking to admit testimony that S.M wrote the first recantation letter because her sister, victim Kr.M., told her Appellant wanted her to do so. *See* Commonwealth's Motion in *Limine*, 12/9/13, at 1-2

(unpaginated). Trial counsel opposed the motion, arguing any evidence Appellant "pressured [S.M.] . . . in writing the letter through an intermediary" would be an inadmissible, subsequent bad act and "highly prejudicial testimony." N.T., Jury Trial, at 75. The trial court excluded S.M.'s testimony as to the impetus for her letter because her testimony would be hearsay. *Id.* at 86.

Under these facts, the PCRA court found trial counsel "displayed good tactical sense in not bringing this extremely prejudicial evidence into trial." PCRA Ct. Op. at 8. The court observed: "Raising the victim's inconsistent statements would have done nothing to help . . . Appellant and would have hurt his case by opening the door to the pervasive attempt by Appellant and his mother to manipulate and intimidate the victims to provide false statements." *Id.* We agree. Further, because Appellant failed to call trial counsel as a witness at the PCRA hearing, he cannot demonstrate counsel had no reasonable basis for his actions. *See Johnson*, 139 A.3d at 1272. Thus, this claim, too, fails.

Appellant's fourth claim of trial counsel's ineffectiveness focuses on counsel's failure to poll the jury. This claim, too, was withdrawn by PCRA counsel at the hearing, and, for that reason, no relief is warranted. *See* N.T., PCRA H'rg, at 5. Nonetheless, we note that the PCRA court also found Appellant was not entitled to relief because he failed to demonstrate trial counsel had a "legitimate reason for polling the jury." PCRA Ct. Op. at 9. We agree. A claim that trial counsel failed to poll the jury does not constitute *per*

- 14 -

*se* ineffectiveness. ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013). Rather, like any ineffectiveness claim, Appellant must establish counsel had no reasonable basis for his actions, and Appellant was prejudiced as a result. ***See id.*** at 1063-64. In ***Commonwealth v. Johnson***, 459 A.2d 5 (Pa. Super. 1983), this Court rejected a similar claim when "[t]here was no hint of any juror's dissatisfaction with the foreman's verdict announcements, nor [allegations of] any other incidents reflecting a particular juror's dissatisfaction with the verdicts" ***Id.*** at 11. The court held: "Without more, we must not find ineffectiveness of counsel for the choice not to poll the jury. ***Id.*** The same is true here. ***See*** N.T. Jury Trial, at 346-47 (after foreman read the verdicts, trial court repeated them and asked, "So say you all" to which jury collectively responded, "Yes"). Accordingly, this claim, too, fails.

Next, Appellant contends direct appeal counsel was ineffective for failing to raise issues that were preserved at trial. In his *pro se* petition, Appellant implied this claim was based upon Attorney Holt's failure to file a brief, which resulted in the dismissal of his direct appeal. ***See*** Appellant's Petition for Post Conviction Collateral Relief, 12/19/17, at 6. However, as noted ***supra***, Appellant's direct appeal rights were reinstated *nunc pro tunc*, and he was later granted sentencing relief by this Court. ***See*** Order, 10/26/15, at 1-2; ***Martinez***, 1994 MDA 2015 (unpub. memo at 5-7).

When asked about this claim at the PCRA hearing, the following exchange occurred:

[PCRA Counsel:] . . . You also allege that . . . counsel failed to preserve the issues objected to at trial in his [Rule] 1925 statement. Do you remember that issue?

[Appellant:] Yeah.

[PCRA Counsel:] Explain for the Court what[ ] that's about? Was that remedied when you got you appeal rights reinstated?

[Appellant:] No.

[PCRA Counsel:] So what issues are you talking about that weren't raised?

[Appellant:] During trial he didn't to the job that he was supposed to do.

[PCRA Counsel:] Your trial attorney?

[Appellant:] Yeah.

[PCRA Counsel:] Okay. Was there anything that Attorney Reiner failed to include in her statement of matters complained of?

[Appellant:] The letters.

[PCRA Counsel:] The issue concerning [S.M.] is that what you're talking about?

[Appellant:] Uh-huh.

[PCRA Counsel:] So [this allegation of counsel's ineffectiveness] was the failure to include that issue concerning [S.M.] and what we heard about today?

[Appellant:] Yes.

N.T., PCRA H'rg, at 26-27.

Thus, to the extent Appellant seeks to challenge direct appeal counsel's ineffectiveness for failing to raise a claim concerning S.M.'s prior inconsistent statements, we have already determined counsel had a reasonable basis for failing to present this evidence. No relief is warranted.

Next, Appellant contends the trial court imposed an illegal sentence at the resentencing hearing, when it failed to merge convictions for sentencing purposes. Although Appellant does not specify which convictions should have merged, "we note that merger is a nonwaivable challenge to the legality of the sentence." *Commonwealth v. Pettersen*, 49 A.3d 903, 911 (Pa. Super. 2012). Such claims are "never waived and may be the subject of inquiry by an appellate court *sua sponte*." *Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa. Super. 2002), *aff'd*, 839 A.2d 184 (Pa. 2003).

The statute governing the merger of convictions for sentencing purposes states:

> No crimes shall merge for sentencing purposes **unless the crimes arise from a single criminal act** and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765 (emphasis added).

Upon our review of the record, including the trial court's statements at both Appellant's original sentencing on March 27, 2014, and his resentencing on February 3, 2017, we conclude no relief is warranted. Indeed, each victim testified that Appellant sexually assaulted her on multiple occasions. *See* N.T., Jury Trial, at 129-31 (S.M. testifying Appellant assaulted her "two or three times a week" from ages 11 to 14); 144, 149 (Kr.M testifying Appellant raped her "every other week" from the ages of 14 to 17); 174-75, 178-80 (Ka.M. testifying Appellant sexually assaulted her "more than once" beginning

when she was "11 or 12," and did so "[w]henever he felt like it"). Further, the court's comments at the sentencing hearings reveals it was cognizant of merger principles, but concluded the crimes did not merge because they either involved separate acts, or had different statutory elements. *See* Sentencing Order, 3/27/14, at 19-26; Sentencing Order, 2/3/17, at 11-20. Thus, Appellant is entitled to no relief.

Lastly, Appellant insists the PCRA court erred when it declined to consider his July 2019 PCRA petition, which he filed while the appeal from the denial of his first petition was pending in this Court. As PCRA counsel notes in his no-merit brief, this issue was not included in the Pa.R.A.P. 1925(b) statement, and, for that reason alone, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii). Nevertheless, we conclude the PCRA court properly determined it lacked jurisdiction to consider the serial petition. "Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal." *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (citations omitted). Thus, the PCRA court properly dismissed Appellant's July 2019 petition.

Accordingly, because we conclude PCRA counsel properly complied with the procedural requirement of *Turner*/*Finley*, and we agree the issues Appellant seeks to pursue on appeal are without merit, we grant counsel's petition to withdraw and affirm the order denying PCRA relief.

Order affirmed. Counsel's petition to withdraw granted.

- 18 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/14/2021</u>