J-S52024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA SCOTT SCHAUER | |
| Appellant | No. 161 MDA 2017 |

Appeal from the Judgment of Sentence August 31, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000761-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 22, 2017**

Joshua Scott Schauer appeals from his judgment of sentence, entered in the Court of Common Pleas of Lebanon County, following his conviction for delivery of a controlled substance,[1] criminal use of a communication facility,[2] and criminal conspiracy.[3]  After careful review, we vacate and remand.

The trial court set forth the relevant facts of the case as follows:

On March 7, 2013, a jury found [Schauer] guilty of Delivery of a Controlled Substance (crack cocaine), Criminal Use of a Communication Facility, and two counts of Conspiracy.  On June 26, 2013, the trial court sentenced him to an aggregate term of

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 7512(a).

[3] 18 Pa.C.S. § 903(c).

2 to 10 years' incarceration, with [Recidivism Risk Reduction Incentive (RRRI)][4] eligibility at 18 months. The sentence included a mandatory minimum pursuant to 18 Pa.C.S. § 6317, Drug-[F]ree [S]chool [Z]ones. After the denial of post-sentence motions, [Schauer] filed a timely direct appeal and began serving his sentence. In December 2014, [Schauer] was released on parole after serving 18 months.

On February 24, 2015, this Court reversed and remanded for resentencing as a result of the decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which rendered [s]ection 6317 unconstitutional.

On March 18, 2015, the trial court resentenced [Schauer] to 18 months to 10 years' incarceration. At the resentencing hearing, [Schauer's] counsel told the court that they were there "on the issue of constitutional fault [o]n the mandatory minimum sentence." Counsel then informed the court of [Schauer's] successful participation in addiction and treatment programs while he was incarcerated for 18 months and after his release.

Following argument, the court stated: "So what I'm going to do is just a technical resentencing. It's the same thing only we'll just do time served and he's immediately released on parole. All the other conditions will remain the same as they would have previously been imposed." [Schauer] did not object, and the proceeding concluded[.]

On March 30, 2015, [Schauer's] counsel filed a Petition to [W]ithdraw as Counsel. During the pendency of that withdrawal motion, [Schauer] asked counsel to file a direct appeal. Counsel filed a [n]otice of [a]ppeal on April 22, 2015, 35 days after the court had resentenced [Schauer] in open court. [Thereafter,] the trial court filed a Pa.R.A.P. 1925(a) statement requesting the Court to quash the appeal as untimely.

Post-Sentence Motion Trial Court Opinion, 12/14/2016, at 1-2 (citations omitted in original).

_____

[4] *See* 61 Pa.C.S. §§ 4501-4512 (RRRI Act).

On appeal, our Court found that there had been an administrative breakdown in the court system and excused Schauer's untimely filing of his notice of appeal. The Court vacated and remanded for resentencing so that the trial court could properly inform Schauer of his rights on the record, **see** Pa.R.Crim.P. 704(c)(3)(a) (sentencing proceeding), so that the court could state its reasons on the record for imposing its sentence in accordance with 42 Pa.C.S. § 9712(b), and to allow Schauer to file a post-sentence motion to challenge the discretionary aspects of his sentence. **Commonwealth v. Schauer**, No. 722 MDA 2015 (Pa. Super. filed July 28, 2016).

On August 31, 2016, the trial court resentenced Schauer to 16 months' to 7 years' incarceration for the drug delivery conviction, 1 to 7 years' incarceration for criminal conspiracy, and 1 to 7 years' incarceration for the criminal use of communication facility charge. The conspiracy and communication sentences were ordered to be served concurrent to the delivery sentence. Because Schauer had already served in excess of his minimum sentence, the court immediately paroled him. The court also noted that Schauer was RRRI eligible.

On September 8, 2016, Schauer filed post-sentence motions which the court denied on December 28, 2016. Schauer filed a timely notice of appeal and court-ordered Rule 1925(b) concise statement of errors complained of on appeal. On appeal, Schauer presents the following issues of our consideration:

(1)     Did the trial court err by not granting [Schauer] total credit for the entire period of time he was incarcerated, solely on this matter?

(2)     Did the trial court err when not taking into consideration all the requisite factors when imposing the maximum sentence in this matter?

In his first issue on appeal, Schauer contends that the court erred by not granting him credit toward the maximum portion of his sentence when he served more (18 months) than the minimum prior to his being paroled. Specifically, he claims he should be given an additional credit of six months toward his maximum sentence representing the excess that he served beyond his 12-month RRRI minimum sentence.[5]

Under section 9760(1) of the Sentencing Code:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court **shall give** credit as follows:

(1)     **Credit against the maximum term and *any* minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed** or as a result of the conduct on which such a charge is based. **Credit shall include credit for time spent in custody** prior to trial, during trial, pending sentence, and **pending the resolution of an appeal**.

42 Pa.C.S. § 9760(1) (emphasis added).

Section 9760 is silent with regard to crediting time served in excess of a defendant's RRRI minimum sentence.  Here, where Schauer had already

---

[5] ***See*** 61 Pa.C.S. § 4505(c)(2) (RRRI minimum shall be equal to ¾ of the minimum sentence imposed when minimum sentence is three years or less).

served more than his minimum sentence, the court correctly credited Schauer with the total time he had served in prison and on parole by deducting three years off his maximum sentence, effectively reducing it from 10 years to 7 years' incarceration. *See* 42 Pa.C.S. § 9760 (court shall give credit "against the maximum term and *any* minimum term.").

Although not raised by Schauer on appeal, we recognize that there is a valid credit issue that we must address *sua sponte*. *See Commonwealth v. Dixon*, 2017 PA Super 129 (claim based upon failure to give credit for time served is challenge implicating legality of one's sentence which is appealable as of right); *Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa. Super. 2002) ("unlike discretionary aspects of sentence, the legality of sentence is never waived and may be the subject of inquiry by an appellate court *sua sponte*.").

In fashioning Schauer's sentence, the court made the following statement regarding credit:

> **The Defendant shall not be afforded any credit toward his maximum sentence since the Court reduced the sentence this date in recognition of an original sentence of 10 years and he has served approximately 3 years of that sentence.**
>
> The Court specifically directs the Parole Board not to grant the maximum credit on this sentence; however, the Court recognizes that he is immediately eligible for parole because the incarceration component of his sentence has already been served.

N.T. Sentencing Hearing, 8/31/2016, at 10-11 (emphasis in original).

In an effort to apply credit for the time he had served to date (approximately three years), the trial court reduced Schauer's original maximum sentence from 10 years to 7 years. However, section 9760(1) clearly states that a court shall give credit "*against the maximum term*" of a sentence. Here, rather than reducing the maximum term of Schauer's sentence in an effort to reflect credit for time served, the court first should have set its intended sentence and *then* applied three years' credit to the maximum term of that sentence. Accordingly, we must vacate Schauer's judgment of sentence and remand so that the court can correctly apply credit under section 9760(1) after it resentences Schauer.[6]

Judgment of sentence vacated. Case remanded for resentencing in accordance with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017

---

[6] Having determined that Schauer's sentence must be vacated, we need not address his remaining issue regarding the discretionary aspect of his sentence. However, if we were to do so, we would conclude that this issue does not raise a substantial question. **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (1995) (allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors does not raise substantial question that sentence was inappropriate).