J-S60020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE CODY HACKWORTH | : | |
| | : | |
| Appellant | : | No. 133 WDA 2017 |

Appeal from the Order December 13, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003068-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE C. HACKWORTH | : | |
| | : | |
| Appellant | : | No. 403 WDA 2017 |

Appeal from the Order January 3, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001442-2008

BEFORE:  OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 13, 2017**

Appellant, Shane Cody Hackworth, appeals from the December 13, 2016 and January 3, 2017 Orders denying his *pro se* Motions for Reconsideration of Sentence following the July 23, 2009 imposition of a Judgment of Sentence of an aggregate term of 19 to 96 months'

_____

* Former Justice specially assigned to the Superior Court.

incarceration.[1]  After careful review, we conclude that the trial court should have considered Appellant's *pro se* Motions for Reconsideration of Sentence *Nunc Pro Tunc* as Petitions for Post-Conviction Relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546; and, thus, should have appointed counsel.  We, therefore vacate, and remand with instructions.

On July 24, 2008, Appellant entered a guilty plea to charges at two separate criminal dockets[2] of two counts of Possession with Intent to Deliver LSD and Criminal Conspiracy, and one count each of Possession of Marijuana, Possession with Intent to Deliver Marijuana, and Possession of Drug Paraphernalia.[3]  The court sentenced Appellant that day to an aggregate term of 16 years of probation.

On July 9, 2009, Appellant entered a guilty plea to two additional drug charges, resulting in the violation of the terms of his probation.  Thus, on

---

[1] Appellant's counsel filed a Petition to Withdraw as Counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] It appears that the trial court consolidated these cases for purposes of entry of the guilty plea, sentencing, and, later, sentencing following revocation of probation.

[3] Specifically, the Commonwealth charged Appellant at Docket No. 3068 of 2007 with two counts of Possession with Intent to Deliver LSD, and Criminal Conspiracy.  **See** 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903.  The Commonwealth charged Appellant at Docket No. 1442 of 2008 with Possession of Marijuana, Possession with Intent to Deliver Marijuana, and Possession of Drug Paraphernalia.  **See** 35 P.S. §§ 780-113(a)(16), (30), and (32).

July 23, 2009, the court sentenced Appellant to an aggregate term of 19 to 96 months' incarceration, followed by 12 months' probation.

Appellant did not file a Post-Sentence Motion following the imposition of his revocation sentence and did not file a timely direct appeal. Rather, on December 8, 2006, Appellant filed a *pro se* Motion for Reconsideration *Nunc Pro Tunc* at Docket Number 3086 of 2007. On December 22, 2016, Appellant filed a *pro se* Motion for Reconsideration of Sentence *Nunc Pro Tunc* at Docket Number 1442 of 2008. In both Motions, Appellant challenged the effectiveness of his trial counsel, and averred that the trial court erred in not merging his charges.

On December 13, 2016, and January 3, 2017, the trial court entered Orders denying Appellant's Motions for Reconsideration as untimely without conducting a hearing on the Motions, appointing counsel, or conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Appellant timely appealed *pro se* from these Orders.[4]

On March 17, 2017, and March 23, 2017, Appellant filed Motions for Appointment of Counsel, following which this Court remanded this case for the trial court to determine "whether Appellant is entitled to the appointment of counsel." Order, 3/24/17, Docket Nos. 403 WDA 2017 and 133 WDA 2017.

---

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

On March 27, 2017, the trial court appointed counsel and gave counsel 60 days to file an amended Petition "pursuant to the PCRA." Trial Ct. Order, 3/27/17. The next day, however, the court inexplicably struck that portion of the Order referring to the PCRA. Trial Ct. Order, 3/28/17.

We begin by noting that the lower court failed to classify Appellant's Motions as PCRA Petitions. Appellant's *pro se* Motions, challenging his counsel's effectiveness and the trial court's failure to merge his charges for sentencing, raised claims cognizable under the PCRA. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (holding that claims of ineffective assistance of counsel should generally be raised on collateral review); *Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa. Super. 2002) (noting that a claim that the court should have merged charges for sentencing is a challenge to the legality of sentence); *Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (finding that an untimely motion to modify sentence that challenges the legality of a sentence should be treated as a PCRA Petition); *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (holding that, regardless of what a defendant titles his petition, "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief."). Accordingly, the lower court should have treated the Motions as PCRA Petitions.

Given the trial court's failure to consider Appellant's Motions under the PCRA, we vacate the Orders denying relief and remand with instructions to permit counsel to file an amended PCRA Petition or a petition to withdraw as

counsel and an accompanying "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. **See** Pa.R.Crim.P. 904(E).

Orders vacated. Case remanded. Counsel's Petition to Withdraw as Counsel denied. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017