J-S02025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIO CESAR CABRERA | : | |
| | : | |
| Appellant | : | No. 901 MDA 2022 |

Appeal  FROM the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000569-2020

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                     **FILED: MAY 9, 2023**

Appellant, Julio Cesar Cabrera, appeals from the May 18, 2022 judgment of sentence entered in the Court of Common Pleas of Lebanon County that imposed a sentence of 15 to 36 months' incarceration after Appellant pleaded guilty to aggravated assault – bodily injury with a deadly weapon.[1]  We affirm Appellant's conviction and the corresponding penalty of total confinement imposed on May 18, 2022; however, we vacate the order entered by the trial court on August 8, 2022, and modify Appellant's judgment of sentence in accordance with this memorandum.

The record demonstrates that Appellant was charged with the aforementioned criminal offense, as well as aggravated assault – bodily injury, pursuant to 18 Pa.C.S.A. § 2702(a)(1), on February 26, 2020.  These

---

[1] 18 Pa.C.S.A. § 2702(a)(4).

charges stemmed from an incident that occurred on February 25, 2020, whereby Appellant stabbed the victim in the left arm with a knife, causing a large laceration. Criminal Complaint, 2/26/20. On June 26, 2020, a criminal information was filed against Appellant charging him with the two aforementioned offenses. On July 13, 2020, Shannon Pascal, Esquire ("Attorney Pascal") entered her appearance as counsel for Appellant on behalf of the Lebanon County Public Defender's Office.

On June 17, 2021, Appellant entered into a negotiated plea agreement in which he agreed to plead guilty to aggravated assault - bodily injury with a deadly weapon and accepted a minimum sentence of 15 months' incarceration. Appellant also agreed to attend anger management counseling and to have no contact with the victim. In exchange, the Commonwealth agreed to *nolle pros* the aggravated assault – bodily injury charge at the time of sentencing. Appellant's sentencing hearing was scheduled for August 18, 2021.

On August 16, 2021, Appellant filed a petition to withdraw his guilty plea, claiming he sought to contest the charges at trial because, he believed, the victim changed his expected testimony. Petition to Withdraw Guilty Plea, 8/16/21, at ¶4. On November 12, 2021, the trial court denied Appellant's petition to withdraw his guilty plea "for all the reasons set forth on the record" and scheduled Appellant's sentencing hearing for December 8, 2021. Trial Court Order, 11/12/21. On December 8, 2021, the trial court re-scheduled

- 2 -

Appellant's sentencing hearing for February 2, 2021, after learning that Appellant contracted COVID-19.

On February 2, 2022, the trial court issued a bench warrant for Appellant's apprehension after he failed to appear for sentencing. Appellant was apprehended on May 3, 2022, and the next day, the trial court vacated the warrant, scheduled Appellant's sentencing hearing for May 18, 2022, and set bail at $150,000.00 cash. Appellant remained incarcerated until the time of sentencing.

On May 18, 2022, the trial court sentenced Appellant to 15 to 36 months' incarceration for his aggravated assault - bodily injury with a deadly weapon conviction. This sentence was set to run concurrently with all other counts and sentences, and Appellant was ordered to complete anger management counseling, to have no contact with the victim, and to pay the costs of prosecution, as well as a $10.00 fine. The aggravated assault – bodily injury charge was *nolle prossed*. Sentencing Order, 5/18/22.

On June 21, 2022, Appellant filed *pro se* a notice of appeal. Upon receipt of Appellant's *pro se* notice of appeal, the trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and the trial court did not file a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925.

That same day, Appellant filed *pro se* a request for a transcript of the May 18, 2022 sentencing hearing, as well as a motion to appoint conflict

counsel.[2] In his motion to appoint conflict counsel, Appellant stated that "a conflict has arisen between [Appellant] and counsel" and he cited ineffective assistance of counsel as grounds for his direct appeal. *Pro Se* Motion to Appoint Alternate Conflict Counsel, 6/21/22, at ¶¶4-5. On June 22, 2022, the Lebanon County Public Defender's Office filed a motion to withdraw the appearance of Attorney Pascal as counsel for Appellant, stating that "[t]hirty or more days have elapsed since the last event in [this matter, t]here are currently no pending appeals, hearings scheduled, or other issues in [this matter, t]here is no further action to be taken in this matter[,] and [this matter] is believed to be concluded." Motion to Withdraw/Vacate Appearance, 6/22/22. On July 26, 2022, after Appellant filed his *pro se* notice of appeal, Appellant filed *pro se* an application seeking credit for time served, requesting that the trial court credit time served of 15 days (May 3, 2022 to May 18, 2022) toward his aforementioned sentence. The trial court scheduled a hearing on Appellant's *pro se* motion to appoint conflict counsel, his *pro se* application for credit of time served, and the public defender's office's motion to withdraw representation for August 8, 2022.

At the conclusion of a hearing on August 8, 2022, the trial court directed Attorney Pascal to continue as counsel for Appellant on appeal, thereby

_____

[2] Although a trial court order granting Appellant's request for the preparation of the May 18, 2022 sentencing hearing transcript does not appear in the certified record, a copy of the transcript was filed on August 3, 2022, and a copy of the transcript was electronically served on Appellant's counsel.

effectively denying both Appellant's *pro se* motion to appoint conflict counsel and the public defender's office's motion to withdraw appearance. Trial Court Order, 8/8/22. The trial court also directed that Appellant be credited 15 days for time served towards the sentence imposed on May 18, 2022. ***Id.***

Appellant raises the following issue for our review: "Did the [trial court] err by applying the improper standard when [it] denied [Appellant's] motion to withdraw his plea[?]" Appellant's Brief at 4.

Preliminarily, we must determine whether Appellant filed a timely appeal, as the timeliness of an appeal implicates this Court's jurisdiction.[3] ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (stating that, it is well-settled that jurisdiction is vested in this Court upon the filing of a timely notice of appeal, and the timeliness of an appeal may be considered *sua sponte*); ***see also*** Pa.R.A.P. 903(a) (stating that, in general,

---

[3] Appellant's *pro se* notice of appeal, filed while Appellant was represented by counsel, was properly accepted by the trial court, forwarded to this Court, and docketed by this Court in accordance with this Court's Operating Procedure 65.24, and does not offend the considerations of hybrid representation. ***See*** 210 Pa.Code § 65.24 (stating that, "[a] *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* [party] was represented by counsel in the trial court" without offending the prohibition against hybrid representation); ***see also Commonwealth v. Williams***, 151 A.3d 621, 623-624 (Pa. Super. 2016) (holding that, a *pro se* notice of appeal should be accepted by the trial court, forwarded to this Court, and docketed by this Court without offending the considerations prohibiting hybrid representation because a defendant has a constitutional right of appeal); Pa.R.Crim.P. 120(A)(4) (stating, an attorney that has been appointed by the trial court "shall continue such representation through direct appeal or until granted leave to withdraw by the [trial] court").

a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken); Pa.R.Crim.P. 720(A)(3) (stating that, in general, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence").

Here, Appellant's *pro se* notice of appeal was time-stamped as having been filed by the trial court on June 21, 2022, 34 days after the imposition of sentence. In an October 3, 2022 *per curiam* order, this Court issued a rule to show cause why Appellant's appeal should not be quashed as untimely filed. On October 13, 2022, counsel for Appellant filed a response with this Court, averring that Appellant's *pro se* notice of appeal was deposited with the Lebanon County Correctional Facility authorities on June 17, 2022, and was sent to the clerk of courts' office for filing *via* interoffice mail. Response to Order to Show Cause, 10/13/22, at ¶7. Counsel explained that "inmates at the Lebanon County Correctional Facility use interoffice mail to correspond with the clerk of courts[' office], the public defender's office, the district attorney['s office,] and the judges without the need to pay for postage." ***Id.*** at ¶5 (extraneous capitalization omitted). Counsel further stated that "letters sent *via* interoffice mail are not post-marked, and inmates receive no receipt indicating the date [the correspondence] was handed to a correctional officer." ***Id.*** at ¶7(d) (extraneous capitalization omitted).

A review of Appellant's *pro se* notice of appeal reveals that it was dated June 17, 2022, and Appellant lists his address as the Lebanon County

Correctional Facility. The record further demonstrates that county inmate use of interoffice mail for judicial correspondence is common practice in the Court of Common Pleas of Lebanon County. *See, e.g.,* Trial Court Order, 8/18/21 (noting that service of the trial court order was made on the district attorney's office, Appellant's counsel, Appellant, and the trial court administration office *via* interoffice mail). While the issuance of a written receipt would facilitate the present analysis, we are satisfied that Appellant's notice of appeal was timely filed on June 17, 2022, pursuant to the well-established principal, commonly referred to as the "prisoner mailbox rule."[4] *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the prisoner mailbox rule, a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox).

Turning to the issue raised on appeal, Appellant challenges the trial court's order denying his motion seeking to withdraw his guilty plea, which was filed on August 16, 2021, before Appellant's sentence was imposed. Appellant's Brief at 10-15.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court" and, as such, this Court reviews a trial court order denying a motion to withdraw a

---

[4] We note that although Appellant's *pro se* notice of appeal was deposited with prison authorities on Friday, June 17, 2022, the document was not time-stamped as having been filed until Tuesday, June 21, 2022. Judicial offices were closed on Monday, June 20, 2022, in observance of the federal holiday, Juneteenth.

guilty plea for an abuse of discretion. ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017), *relying on **Commonwealth v. Broaden***, 980 A.2d 124 (Pa. Super. 2009), *appeal denied*, 992 A.2d 885 (Pa. 2010). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." ***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa. Super. 2017) (citation, original quotation marks, and ellipsis omitted).

> In determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced.

***Id.*** (brackets and quotation marks omitted). In assessing whether a defendant has put forth any fair and just reason, "a mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." ***Id.*** at 1189, *citing **Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015). A defendant must put forth at least a plausible and colorable demonstration of his innocence "such that permitting withdrawal of the plea would promote fairness and justice." ***Islas***, 156 A.3d at 1189.

Here, in denying Appellant's pre-sentence motion to withdraw his guilty plea, the trial court explained,

It's clear [from the Commonwealth's exhibits that Appellant[5] engaged in a striking motion with a knife or other sharp object which caused stab wounds to] the person who was coming out of the store. The enhancement software does nothing more than slow down the [video] frames. It doesn't alter or in any way change the substance.

One of the problems with a withdraw of a guilty plea is you have to establish or have a probability of innocence. Now in fairness to [Appellant's c]ounsel, who is here, [Appellant] told his [counsel] to assert his innocence. The problem is [Appellant] doesn't have anything to rebut that assertion or anything to bolster that assertion of innocence. And there is overwhelming evidence to establish [Appellant committed the assault against the victim.]

N.T., 11/8/21, at 17.

In the petition to withdraw his guilty plea, Appellant asserted that he desired to withdraw his guilty plea because (1) "[h]e has learned or otherwise came to believe that the victim has changed his story" and (2) "[h]e is innocent and would like to prove his innocence at trial." Petition to Withdraw Guilty Plea, 8/16/21, at ¶4. Appellant did not attend the hearing on his petition, and Appellant's counsel did not offer any evidence in support of the averments contained in the petition to withdraw the guilty plea. N.T., 11/8/21, at 4-6. The Commonwealth presented a video recording of the incident, which was played for the trial court at the hearing, as well as a photograph of a screenshot (a single frame) from the video footage that showed the incident. *Id.* at 13-14. The Chief of the Lebanon County Detective

_____

[5] The trial court refers to exhibits admitted on behalf of the Commonwealth at the hearing on Appellant's motion to withdraw his guilty plea. Those exhibits, as discussed more fully *infra*, included video footage and a photograph of the assailant. N.T., 11/8/21, at 14.

Bureau testified that, in comparing Appellant's image as depicted on his government-issued identification card with the image of the person identified as the assailant in the screenshot photograph, he was able to identify the person in the screenshot photograph as Appellant. *Id.* at 14-15.

Based upon the foregoing record, Appellant was unable to demonstrate more than a mere, bare assertion of his innocence, as set forth in his petition to withdraw his guilty plea, to support a fair and just reason that the petition to withdraw his guilty plea should be granted. Conversely, the Commonwealth presented evidence that demonstrated that Appellant's assertion of innocence was not plausible or colorable. As such, we discern no abuse of discretion by the trial court in denying Appellant's petition to withdraw his guilty plea and affirm Appellant's conviction and the corresponding penalty of total confinement imposed on May 18, 2022.

Before affirming Appellant's judgment of sentence, however, we examine whether the trial court had jurisdiction to grant Appellant's motion requesting credit for time served, which was filed *pro se* on July 26, 2022. *See* Trial Court Order, 8/8/22; *see also* *Pro Se* Application for Time Credit, 7/26/22. For several reasons, we find the trial court improperly granted Appellant's request for credit of time served. First, Appellant's motion requesting credit for time served was a legal nullity because Appellant was represented by counsel and Pennsylvania law , generally, prohibits hybrid representation, with the exception of the filing of a notice of appeal as discussed *supra*. *See* Pa.R.Crim.P. 576(a)(4) (stating that, upon receipt of a

*pro se* filing by a defendant who is represented by counsel (other than a *pro se* notice of appeal as discussed *supra*), the clerk of courts shall accept the document for filing, time-stamp the document and place it in the criminal record, and forward a copy of the document to counsel for the defendant and the Commonwealth within 10 days of receipt); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (stating that, "the proper response to any *pro se* pleading [(other than a *pro se* notice of appeal)] is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion"), *abrogated on other grounds by*, **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

Second, even assuming that Appellant's *pro se* motion was not a legal nullity, Pennsylvania Rule of Appellate Procedure 1701 states that upon the filing of a timely notice of appeal, the trial court may no longer take action in the case except, *inter alia*, to preserve the *status quo* and address matters that are ancillary to the appeal. **See** Pa.R.A.P. 1701(a) and (b)(1). Here, Appellant filed his *pro se* motion requesting credit for time served on July 26, 2022, 39 days after filing his *pro se* notice of appeal on June 17, 2022. Therefore, the trial court was without jurisdiction to address Appellant's request because it pertains to the judgment of sentence that was currently the subject of the pending appeal and was not ancillary to the appeal. **Id.**

Third, a motion requesting credit for time served is a post-sentence motion subject to the requirements of Pennsylvania Rule of Criminal Procedure 720. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1243-1244

(Pa. Super. 2015). Rule 720 requires a post-sentence motion to be filed "no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). Appellant was sentenced on May 18, 2022, but filed his motion requesting credit for time served on July 26, 2022, 69 days after sentencing. As such, Appellant's motion requesting credit for time served was untimely. Even if the trial court's order granting Appellant's motion could be read to infer permission for Appellant to file his motion *nunc pro tunc*, the trial court, for the reasons discussed *supra*, was without jurisdiction to grant such relief. Consequently, we are constrained to vacate the trial court's August 8, 2022 order to the extent that it granted Appellant's motion requesting credit for time served.

Nonetheless, the failure to award credit for time served implicates the legality of a defendant's sentence and raises a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018). Moreover, a legality of sentence claim is never waived and may be raised by this Court *sua sponte*. ***Commonwealth v. Kitchen***, 814 A.2d 209, 214 (Pa. Super. 2002), *aff'd*, 839 A.2d 184 (Pa. 2003). As such, while Appellant's motion requesting credit for time served was a legal nullity and the trial court was without jurisdiction or authority to act, for the reasons discussed *supra*, we have no such impediment.

Here, a review of the record demonstrates that Appellant was incarcerated on May 3, 2022, as a result of his apprehension pursuant to the

warrant for his arrest issued due to his failure to appear for sentencing in February 2022. Appellant remained incarcerated until the sentencing hearing on May 18, 2022. N.T., 5/18/22, at 3. As such, Appellant was entitled to a credit of 15 days for time served towards his aforementioned sentence. 42 Pa.C.S.A. § 9760(1) (stating, credit "shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed"). Therefore, we modify Appellant's judgment of sentence of 15 to 36 months' incarceration by crediting Appellant 15 days for time served prior to the imposition of his sentence.

Judgment of sentence affirmed as modified. August 8, 2022 order vacated, in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/09/2023